**STATE of Missouri, Respondent,**

v.

**David Franklin DIAMOND, Appellant.**

**No. 44804.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied March 17, 1983.

Application to Transfer Denied
April 26, 1983.

E.D. Lofftus, Fenton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., Union, for respondent.

REINHARD, Judge.

Defendant was convicted of the offense of stealing, a violation of § 570.030, RSMo. 1978, and was sentenced as a persistent offender to fifteen years with the Missouri Department of Corrections. He appeals. We affirm.

The state's evidence established that at about 5:10 a.m. on May 13, 1980, William Record parked his 1979 blue and silver Chevrolet pickup truck on a Mohr-Value department store parking lot in Sullivan, Missouri. He was picked up at the lot, along with other riders, by a commuter van and taken to his job at the Chrysler Assembly Plant in Fenton, Missouri. At approximately 2:00 p.m. on the same day, Detective Ron Phelps of the auto theft unit of the St. Louis Police Department had a Sunoco service station in South St. Louis under surveillance and observed defendant standing next to a 1979 blue Chevrolet pickup truck. Defendant subsequently drove off of the lot in the truck and Detective Phelps followed. Defendant was stopped several blocks later and placed under arrest. During the course of the arrest, Phelps noticed that the ignition on the steering column had been punched out, and the ignition cover, a roll of black electrical tape, a Phillips screwdriver, a dent puller, and a ring of keys (which did not fit the truck) were lying on the seat. William Record identified the truck which defendant was driving as his and testified he had not given defendant or anyone else permission to drive it that day.

Until April 3, 1981, defendant ignored two requests by the state for disclosure of his intent to rely on an alibi defense, pursuant to Supreme Court Rule 25.05. On that day, five days before trial was to commence, defendant's attorney gave the prosecuting attorney his answer to disclosure in which he for the first time indicated an intent to use the alibi defense and listed his alibi witnesses.

On the morning of trial, the trial judge granted the state's motion to strike defendant's alibi witnesses because of his failure to timely answer the state's request for disclosure and denied defendant's motion for a continuance. The assistant prosecuting attorney stated that he had made every effort in the previous five days to contact the alibi witnesses but that he was only able to contact Tom and Joel Crawford. The court subsequently altered its ruling, striking all of the witnesses and stated the two Crawfords and the defendant could testify as to any alibi defense.

After the state presented its evidence, defendant presented three witnesses, Joel Crawford, Rebecca Diamond, and Johnny Walker. Although, Rebecca Diamond, defendant's ex-wife, was initially excluded as a witness, the trial court allowed her alibi testimony without limitation. Joel Crawford also testified without limitation. Johnny Walker was called to testify, but the court ruled that he could not testify as to the defendant's whereabouts after 5:15 a.m. that day.

Defendant contends the court erred in excluding testimony related to his alibi defense and in failing to grant a continuance. Rule 25.02 provides that requests for discovery shall be answered within 10 days. Defendant does not deny that he failed to timely comply with the state's request for discovery. Rule 25.16 provides:

> If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances.

In the recent case of *State v. Mansfield,* 637 S.W.2d 699 (Mo. banc 1982), the Supreme Court reversed the defendant's conviction because the trial court improperly

excluded an alibi witness's testimony. In *Mansfield,* the defendant presented several alibi witnesses and then called Geneva Abbott, an alibi witness who had not been disclosed to the state in violation of Rule 25.05. The state objected and out of the hearing of the jury, in order that the "court could determine whether her testimony would be relevant and material" the witness testified that defendant had been with her for several hours during the relevant time in question. 637 S.W.2d at 702. The trial court ruled that the witness' testimony should be excluded. The Supreme Court noted that her testimony "was clearly material, relevant and important to the defense in the circumstances" of the case. 637 S.W.2d at 702. The Court further held:

> The remedy of disallowing an alibi witness to the defendant is almost as drastic, if not as drastic, as declaring a mistrial. The remedy of disallowing the relevant and material testimony of a defense witness essentially deprives the defendant of his right to call witnesses in his defense. This is not to say it should never be done, but it is certainly a drastic remedy that should be used with the utmost of caution.

637 S.W.2d at 703.

■ In the present case, the trial court originally stated an intent to strike all of the alibi witnesses, but the defendant was allowed to call Tom Crawford and Rebecca Diamond without limitation. Only Johnny Walker's testimony was limited by the trial court. Unlike the defendant in *Mansfield,* the defendant in the present case made no offer of proof as to what Walker would have stated, nor of what the testimony of the other alibi witnesses he listed in his answer to disclosure would have been. In circumstances similar to these, we think what the court stated in *State v. Eddy,* 564 S.W.2d 938, 940 (Mo.App.1978) controls this case:

> We find no abuse of discretion in the court's action action here.... because defendant made no offer of proof of what the excluded witness would testify to and made no specific statement in his motion

for new trial of the testimony which would have been given. Neither we nor the trial court can assess the admissibility, relevancy, or importance of the excluded testimony.

■ Neither did the trial court err in failing to grant defendant's oral request for a continuance. Defendant's failure to file the request in writing accompanied by an affidavit showing good cause as required by Rule 24.09 is sufficient ground to affirm the trial court's action. *State v. Shryock,* 593 S.W.2d 906, 908–09 (Mo.App.1980).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.