**STATE of Missouri, Plaintiff-Respondent,**

v.

**Louis DOSS, Defendant-Appellant.**

**No. 45246.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 16, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied Nov. 22, 1983.

Robert A. Cox, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction of first degree assault, second degree assault and burglary and his sentences of twenty years, five years (concurrent) and ten years (consecutive). We affirm.

Defendant was tried on three counts of first degree assault and one count of burglary. He and two other persons admittedly broke into a residence occupied by 95 year old Pearl Shelton and her two sons, Earl and Edgar, both in their sixties. The evidence warranted a finding that Mrs. Shelton, awakened by the break-in, secured a .32 caliber handgun owned by her deceased husband, that defendant took the gun from her, fired two shots at her, and that one shot struck her in the eye causing loss of the eye. Edgar in the meantime, armed with his own .38 caliber handgun, came from his bedroom upstairs, and saw defendant making a motion which Edgar believed to be one of firing at Edgar. Edgar shot at defendant, wounding him in the chest. A struggle ensued between Edgar and defendant and subsequently Earl and defendant over the .32 caliber gun during which defendant shot that weapon wounding Earl. Defendant fled and was arrested nearby. The defendant contended variously that Edgar shot Pearl while trying to shoot defendant, or that Earl shot Pearl while trying to shoot defendant, and that defendant did not shoot Earl. The jury found defendant guilty of first degree assault on Pearl, second degree assault on Earl, acquitted him of assault on Edgar, and found him guilty of burglary.

On appeal defendant raises solely the misconduct of the prosecutor. This issue was raised in the motion for new trial and following hearing on that issue the court denied the motion with the following comments:

"You know, I'll give the prosecution equal time to put anything in the record about the Court, but this trial, as far as the Court's concerned, was another abomination by the prosecution. It was one

hassle after another with the Court, with the prosecutor failing to heed the Court's admonitions throughout the trial .... [S]hould this type of conduct continue during some trial, depending on what the facts of the case are, I would consider taking a verdict away from the State. I'm not going to do it in this trial and the reason I'm not going to do it in this trial is that I think I took care of the matters as they occurred adequately. However, that may be argued on appeal .... And also because the evidence of guilt was strong in this case. In fact, the defendant admitted committing a burglary, admitted committing one of the counts. So for those two main reasons, I'm not going to take the verdict away from the State because of prosecutorial misconduct. But there was prosecutorial misconduct throughout the trial, as far as the Court's concerned."

■ We entertain considerable doubt that prosecutorial misconduct sufficiently grave to cause a trial to be unfair can become harmless because of the strong evidence of guilt. *State v. Allen*, 363 Mo. 467, 251 S.W.2d 659 (1952) [3–5]. But prosecutorial misconduct by itself does not necessarily render a trial unfair. We interpret the trial court's statement of the reasons for its action as recognizing that. It is apparent the trial court believed that the actions it took were sufficient to purge the trial of unfairness, and that the actions of the prosecutor did not taint the jury in its deliberations. We also note that prosecutorial misconduct can take several forms. It may occur solely in front of the jury, it may occur solely before the judge out of the hearing of the jury, it may occur in both places, or it may involve matters not actually occurring during trial such as suppression of evidence. The trial court did not specify into which category the conduct here fell.

■ We have carefully reviewed the record. We have no hesitancy in saying that the prosecutor clearly exceeded the bounds of propriety in her conduct in discussions out of the hearing of the jury and in her refusal to obey the evidentiary rulings of the court. Her actions were plainly contemptuous at times such as when she accused the trial judge of suborning perjury in one of his rulings. We must defer, however, to the trial court's determination that statements made at the bench were not overheard by the jury and did not therefore prejudice defendant. We have also reviewed those matters raised by defendant which occurred in the presence of the jury. We note that in each incident raised by defendant the court took remedial action including reprimanding the prosecutor. Frequently, the trial court cut off the prosecutor when it appeared she was attempting to question on matters to which the court had already sustained objections. The court's interjections were normally before the question had been completed and before the full thrust had been developed for the jury. Many of the matters now asserted as improper were never objected to and the court was given no opportunity to rule on them or to take corrective action. In some cases the court gave all the relief requested by the defendant and some of the conduct claimed to be improper we find no fault with.

The bulk of the misconduct occurred outside the hearing of the jury, and that which did not was adequately corrected by the trial judge. We are unable to find error in the actions of the trial judge nor do we find that defendant was denied a fair trial by the prosecutor's actions.

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.