**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert Lee GOOCH, Defendant-Appellant.**

No. 13068.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 6, 1983.

John D. Ashcroft, Atty. Gen., Janet E. Papageorge, Theodore A. Bruce, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Carr L. Woods, Garrett & Woods, Monett, for defendant-appellant.

PREWITT, Judge.

Appellant was convicted of rape and sentenced to ten years' imprisonment.

The only testimony linking appellant to the crime was the identification of him by the complaining witness. She testified that at approximately 5:30 p.m. on May 17, 1977, she left a Wal-Mart Store at 15th and Range Line in Joplin. She was starting to get in her car in the parking lot when appellant came up behind her and threatened her with a revolver. He forced her into her car and then got in and drove off with the gun on his lap. He drove to a wooded area where the rape occurred. He then drove them back to the Wal-Mart

Store, said he was going to get out and told her not to look where he went and to leave. After he got out of the car she drove a few blocks to a phone and called the police. An examination at a hospital confirmed her assertions. Four days later at a grocery store next door to the Wal-Mart Store she saw a man who she "thought" was her assailant. She got the license number of his vehicle and gave it to the police. At a "line-up" she "realized that it couldn't possibly be him because he was too tall, and his teeth weren't quite right." No charges were filed against him.

The complaining witness saw appellant in May of 1982 at the Webb City Wal-Mart Store. She determined that he was the assailant and his name was obtained from one of the persons who worked at the "check-outs" there. It was given to the police and he was subsequently arrested.

Appellant testified that on May 17, 1977, from approximately 3:30 p.m. until 5:30 to 6:00 p.m. he was with his wife at a medical clinic. He said he remembers going there that day because his wife was pregnant and that was the first day he could hear the baby's heart beat. Upon leaving the clinic he said they went to the home of his mother-in-law and remained there until approximately 9:00 p.m. There were no other defense witnesses who testified regarding appellant's whereabouts on May 17, 1977.

Appellant asserts in one of his points that the trial court erred in not allowing his wife to testify as an alibi witness because she had not been disclosed to the state. She would have testified that appellant was with her at a medical clinic at the time the complaining witness stated that the offense occurred. An employee of the medical clinic at a hearing on an after-trial motion filed by appellant identified records of the clinic showing that appellant's wife was present there on May 17, 1977. The records did not disclose whether anyone was with appellant's wife. At that hearing appellant's wife testified that he was with her. Appellant contends that not allowing her to testify at trial resulted in fundamental unfairness and prejudice to him. He asserts that

any possible prejudice to the state in granting his request could have been removed or ameliorated by other, less drastic measures, then available to the court.

Appellant was indicted on July 29, 1982, and tried on October 12, 1982. On the morning of trial just before it commenced, the public defender stated he wished to call appellant's wife as an alibi witness. He told the court that he had not disclosed this intention to the prosecutor prior to that day. The public defender said that he "personally" did not know until that day that he could establish where appellant was at the time of the offense. The public defender stated that due to lack of time and manpower his office had not been able "to do everything" regarding this case.

The state contends that the trial court did not abuse its discretion in not allowing appellant's wife to testify. It asserts that her testimony would have been cumulative and not allowing it was not prejudicial as it would have been of little value "especially in considering the credibility probably afforded the wife of an accused."

■ Appellant was obligated to disclose this witness, under Rule 25.05(A)(2) and (5), pursuant to discovery requested by the state. In such a situation Rule 25.16 says that the trial court can grant a continuance, exclude the evidence, or enter such other orders as it deems just under the circumstances. The action taken lies within the discretion of the trial court and the failure to admit testimony is an abuse of that discretion only when it results in a fundamental unfairness to the defendant. *State v. Harry,* 623 S.W.2d 577, 578 (Mo.App. 1981).

Our supreme court has stated that the "remedy of disallowing an alibi witness to the defendant is almost as drastic, if not as drastic, as declaring a mistrial"; that disallowing such a witness essentially deprives a defendant of his right to call witnesses in his defense and that such a denial "is certainly a drastic remedy that should be used with the utmost of caution." *State v. Mansfield,* 637 S.W.2d 699, 703 (Mo. banc 1982).

Although it may be true that the wife ordinarily could be expected to testify as did her husband, that would not necessarily be so in a rape case. Appellant's wife's testimony might have added little to his defense, but its absence could have been devastating. Her failure to testify could make one or more of the juror's feel that had she been called as a witness she would not have testified favorably to her husband and might even have testified adversely. Appellant likely would have been cast better in the eyes of the jurors if he had not testified and let them surmise that he did not know where he was on that day, rather than to assert that he was with his wife at the medical clinic and then for the jury to hear nothing from her. The prosecuting attorney, although not specifically commenting on the failure of the wife to testify, did emphasize in his closing argument that defendant was the only one saying that he went to the clinic to listen to the child's heartbeat.

∎ *Mansfield* states that disallowing an alibi witness is a drastic remedy that should be used with the utmost caution and we believe that is even more true where, as here, in a prosecution for rape the defendant says he was with his wife and she is his alibi witness. We can see that because of the lateness of her disclosure a continuance may not have been desirable, but the trial court could have given the prosecuting attorney time in which to interview her and if he could not arrange for any necessary investigation to have been carried on during the trial, then a longer recess or a delay might have been appropriate. We determine that failure to allow appellant's wife to testify may have affected the result of the trial and that it resulted in fundamental unfairness to him. It was an abuse of the trial court's discretion to not allow her to testify.

Appellant's remaining points could not arise upon retrial so there would be no point in discussing them.

The judgment is reversed and the cause remanded for a new trial.

MAUS, P.J., and HOGAN, J., concur.