STATE of Missouri, Respondent,

v.

Stephen MITCHELL, Appellant.

No. 47486.

Missouri Court of Appeals,
Eastern District,
Division Six.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Stephen Mitchell guilty of kidnapping, assaulting and robbing victim Roy Malone. The trial court sentenced defendant to three concurrent terms of life and thirty years in prison. He has appealed.

Defendant does not challenge the evidentiary sufficiency. Instead, here he claims plain error in excluding testimony of unendorsed alibi witnesses. He also claims error in failing to grant a mistrial when a policeman voluntarily referred to a prior arrest of defendant. These in turn.

■ Here defendant by his plain error point claims the court erred by sustaining the state's objection to the proposed alibi witnesses; they were first endorsed at trial. In his motion for new trial defense counsel pleaded the challenged witnesses "would have testified only as to the defendant's appearance and not to alibi ..." We note the state's jury arguments did not mention the missing alibi witnesses. The denial of their testimony was discretionary. See *State v. Gooch*, 659 S.W.2d 342[1] (Mo.App.1983). No error here.

■ By his preserved point defendant claims the court erroneously denied a mistrial. When the arresting police witness was asked how he located defendant he said police had an anonymous tip defendant lived somewhere in the 3500 block of Cozens. When asked what he did there he volunteered:

"We had a folder of his past arrests and residences. And we, after going down the list, saw an address on Cozens at 3508. So, therefore, we responded to 3508 Cozens. 3508 as opposed to 3500."

Defense counsel promptly asked for a mistrial for mention of past arrests. After a colloquy the court responded:

"I'm going to overrule the motion because it is a drastic remedy. And secondly, because I don't believe there was any intention, desire, or design of this officer to inject this into the record. I think he was merely attempting, in good faith, to explain why they went to 3508 when their phone call had been 3500."

Defendant asked for no other relief. The state made no further mention of an arrest neither in the testimony nor in closing argument.

Here defendant cites *State v. Martin*, 506 S.W.2d 473[2–4] (Mo.App.1974), reversed when the trial judge on voir dire told the jury panel defendant was being tried under the habitual criminal act. That statement by the judge, unlike our case, referred to previous criminal convictions.

Defendant also cites *State v. Lee*, 486 S.W.2d 412[2–4] (Mo.1972). There conviction was reversed when at every stage of the trial state counsel referred to defendant's conviction on unrelated, uncharged crimes.

The two defendant-cited cases are clearly not in point here.

Here the state cites the prevailing rule. As held in *State v. Warden*, 591 S.W.2d 170[2–6] (Mo.App.1979):

"Where a state's witness volunteers an unresponsive reference to yet another unrelated, separate and distinct crime, such reference may or may not constitute reversible error. In this respect, the trial court's decision to grant or not to grant a mistrial due to such an unresponsive reference is paid great deference, primarily because that court occupies a superior position from which to gauge the remark's prejudicial effect."

To the same effect see *State v. McClain*, 531 S.W.2d 40[6] (Mo.App.1975), and *State v. Wilkerson*, 638 S.W.2d 308[5, 6] (Mo.App.1982).

Finding no error we affirm.

DOWD, P.J., and PUDLOWSKI, J., concur.