**STATE of Missouri, Plaintiff-Respondent,**

v.

**Tommy McLAURIN, Defendant-Appellant.**

No. 48651.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied Feb. 26, 1985.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Tommy McLaurin appeals from a judgment entered on a jury verdict convicting him of burglary in the second degree. § 569.170, RSMo.1978. The trial court sentenced appellant as a persistent offender to a term of ten years imprisonment. § 558.-

016, RSMo.1978 (1984 Cum.Supp.). The judgment is affirmed.

On early Sunday morning, July 24, 1983, two police officers observed two persons at T & T Food and Liquor Store on Union Boulevard in the City of St. Louis. The store had a recessed entry way enclosed by a gate on the outside and a door on the inside. A small area, referred to during trial as a foyer, is between the gate and the door. The police officers saw one of the persons, appellant, in the foyer handing a pillowcase to the other person, who was outside the gate. Appellant and his accomplice attempted to flee, but the officers apprehended them. The plate glass in the door was broken. In the pillowcase were liquor and cigarettes identified as merchandise missing from the store.

Appellant's sole point relied on is that the trial court erred in refusing appellant's request for a continuance. Appellant requested the continuance on the morning of trial in order to attempt to secure the attendance of a witness who had been served with a subpoena the day before the trial. According to appellant's offer of proof, the witness would have testified that she was walking with appellant and his accomplice along Union Boulevard past the liquor store when she noticed that the glass in the door had already been broken out and that she then departed from the scene.

■ A trial court's decision regarding whether to grant a continuance will not be reversed on appeal absent a clear abuse of discretion. *State v. Winston*, 627 S.W.2d 915, 917 (Mo.App.1982).

■ "One of the issues for the court to consider in ruling on ... [a motion for a continuance to obtain the presence of an absent witness] is whether there is a reasonable probability that the personal presence of the witness will ever be obtained." *State v. Oliver*, 572 S.W.2d 440, 445 [2–4] (Mo.banc 1978). An application for a continuance to secure the attendance of a witness must contain "facts showing reasonable grounds for belief that the attendance or testimony of such witness will be pro-

cured within a reasonable time." Rule 24.-10(b).

Appellant has not shown reasonable grounds for a belief that the attendance of the witness would be procured within a reasonable time. Despite being served with a subpoena, the witness did not show up for trial. The investigator for appellant's counsel was unable to locate the witness on the morning of trial. Appellant would not have been able to obtain the witness's attendance through his family because his family did not even know the witness's name. Finally, appellant's written application states, "It is unknown when this witness would be available...."

■ Moreover, the proposed testimony of the witness did not refute appellant's guilt. The fact that she observed the broken glass in the door and left the appellant and his co-defendant at the scene does not disprove their entry into the store and removal of the merchandise later found in their possession. Entry for an unlawful purpose, not breaking, is now the cornerstone of the crime of burglary, second degree. § 569.170, RSMo.1978. In view of the strong evidence of appellant's guilt, it is not likely that the testimony of the missing witness would have accomplished a different result. *Cf. State v. Lynch*, 528 S.W.2d 454, 457 (Mo.App.1975).

■ Three continuances had already been granted to appellant. The trial court did not abuse its discretion in denying, on the morning of trial, a request for an indefinite continuance to obtain the attendance of the missing witness.

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.