STATE of Missouri, Respondent,

v.

Oliver PICKENS, a/k/a Galen Shavers, Appellant.

No. 48773.

Missouri Court of Appeals, Eastern District, Division Three.

July 16, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Nov. 21, 1985.

Henry B. Robertson, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Oliver Pickens,[1] appeals from his convictions, after a jury trial, of robbery in the first degree and armed criminal action. He was sentenced as a prior and persistent offender to concurrent terms of twenty-five years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. The State's evidence showed that defendant placed a sawed-off shotgun against the victim's side and took money from her. The defendant testified that he took the money, but that he didn't have a weapon.

Defendant's sole point on appeal is that the trial court erred in refusing to declare a mistrial after the prosecutor asked three separate witnesses their opinions regarding the illegality of possessing a sawed-off shotgun. He argues that the questions introduced evidence of other crimes and therefore he was prejudiced. The questions were never answered. On each occasion the trial court sustained defense counsel's objection, instructed the jury to disregard the question, and denied the motion for mistrial.

■ The granting of a mistrial, which is drastic action, is vested in the sound discretion of the trial court. *State v. Miller*, 680 S.W.2d 253, 255 (Mo.App.1984). A mistrial should be granted only in those circumstances where no other curative action would remove the alleged prejudice. The trial court is in the best position to determine the effect of a statement and what curative measures should be taken. *Id.* "Where an improper question is asked, but not answered, there generally is no prejudicial error." *State v. Pirtle*, 652 S.W.2d 272, 273 (Mo.App.1983).[2] *Pirtle* involved an unanswered question relating to an of-

fense not charged. We held the court had not abused its discretion in refusing to declare a mistrial. The trial court had sustained an objection to the question, admonished the jury to disregard it, and ordered the question stricken from the record.

In *State v. Rogers*, 651 S.W.2d 591, 593 (Mo.App.1983), the prosecutor continued an improper line of questioning even after the trial court had reprimanded the prosecutor. The questions were never answered and the jury was told to disregard them. We held the court did not abuse its discretion in refusing to grant a mistrial.

In *State v. Doss*, 659 S.W.2d 273, 274 (Mo.App.1983), the prosecutor refused to obey evidentiary rulings of the court, but we found no reversible error. The trial court had taken remedial action and had found that evidence of guilt was strong. The defendant had admitted committing one of the counts with which he was charged.

■ In the present case, the questions were never answered, and the jury was instructed to disregard the questions. The jury was also given MAI–CR 2.02, which tells jurors that questions by attorneys are not evidence; and that when the court sustains an objection to a question, the question should be disregarded. *See State v. Pulis*, 579 S.W.2d 395, 400 (Mo.App.1979). Clearly the prosecutor should not have persisted in asking the same question after the initial ruling. However, these remedial actions prevented any possible prejudice. *Compare State v. Thomas*, 535 S.W.2d 138, 144 (Mo.App.1976).

Further, the evidence of guilt was strong. Defendant admitted stealing from the store. Despite his contention he did not use a weapon, the victim identified a sawed-off shotgun as the weapon used by defendant. Police found a sawed-off shotgun in a trash dumpster where defendant said it would be. With defendant having

1. Defendant at trial admitted his real name is Oliver Pickens, although he had given police the name Galen Shavers. We thus refer to defendant here as Oliver Pickens and entitle the opinion accordingly.

2. *Compare State v. Henderson*, 669 S.W.2d 573, 576 (Mo.App.1984).

admitted he engaged in criminal conduct by stealing and with strong evidence that he illegally used a weapon to commit the crime, no prejudice was created by three unanswered questions about the illegality of the weapon itself.

The judgment of the trial court is affirmed.

CRIST, P.J., and CLEMENS, Senior Judge, concur.