**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald M. JORDAN, Defendant-Appellant.**

**No. 48656.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer Denied Oct. 17, 1985.

Application to Transfer Denied Nov. 21, 1985.

William J. Shaw, Public Defender, Clayton, for defendant-appellant.

John Munson Morris, Atty. Gen. Office, Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Appellant, Donald M. Jordan, appeals his conviction by a jury in the Circuit Court of St. Louis County of the Class C felony of stealing a motor vehicle, § 570.030 RSMo 1978, and his sentence of nine (9) years imprisonment in the custody of the Missouri Department of Corrections as a "persistent offender" pursuant to the provisions of § 558.016 RSMo 1984.

On appeal he contends his conviction should be reversed and the cause remanded to the trial court for a new trial because the trial court erred (1) in not declaring a mistrial during closing argument when the prosecuting attorney repeatedly called him a professional and a professional car thief for the reason that such epithets were calculated to engender prejudice against him, and (2) in allowing the introduction of rebuttal testimony by a state's witness regarding the personal property possessed by the defendant at the time he was booked in that such testimony was not proper rebuttal, was allowed over objection without a

proper offer of proof, and was an abuse of discretion.

We affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Our reading of the evidence convinces us that the jury could find from the evidence, as it did, that during the early morning hours of April 28, 1980, Brenda Cooke's 1979 Corvette automobile was stolen from where it was parked outside her apartment in Creve Couer, Missouri, by the appellant.

■ Appellant's first contention must be ruled against him because it was not preserved for review. No objection to the argument was made nor does the record reflect that any request for a mistrial was made during the course of the argument. Appellant concedes this but asks that we review the point as "plain error" under Rule 29.12(b) VAMR.

■ The evidence was that when the Corvette was recovered shortly after its theft the police officers found gloves, screwdrivers, and a device known as a dent puller inside the car. Ms. Cooke testified these items were not hers and were not in the car the night of April 27, 1980, when she parked the car at her apartment. The police officers also found the ignition collar on the floorboard of the car, and the ignition in the steering column was missing. The prosecutor's argument was that the presence of these items demonstrated that the thief was a professional.

Argument that a crime was committed by a professional and that the defendant was a professional car thief have been upheld on appeal where the evidence and the inferences therefrom will support such an argument. In *State v. Nichelson,* 546 S.W.2d 539, 542[1] (Mo.App.1977) this court held the fact that a prosecutor, in closing argument, may have injected his personal opinion that defendant was a professional car thief was not plain error where these epithets were within the confines of the evidence and the reasonable inference therefrom. *Id.,* at p. 542[10].

Appellant's reliance on *State v. Stockbridge,* 549 S.W.2d 648 (Mo.App.1977) does not, in our opinion, control in this case. In *Stockbridge* the defendant was on trial on a charge of felonious assault upon a police officer when he was referred to as a "professional," a "pro," and "professional car thief," and as engaged in "stealing cars." The court, in its opinion at p. 651 points out: "The defendant was charged with assaulting an officer, not with car theft; ..." The appellant in this case was charged with car theft and the tools of the trade were found in the passenger compartment of the Corvette.

We hold that *Nichelson* controls here and rule this contention against appellant.

Appellant's next contention is that the trial court erred in allowing the introduction of rebuttal testimony by a state's witness regarding the personal property possessed by defendant at the time he was booked in that such testimony was allowed over objection without a proper offer of proof, and was an abuse of discretion.

In rebuttal, Donald Harris, a St. Louis County police officer, was permitted over objection, to testify that no car keys were found on the appellant when his personal property was inventoried at the time he was booked at the police station following his arrest. The evidence was admitted to rebut evidence offered by defendant's wife that appellant had gone to pick her up and ran out of gas to explain his presence at the Vicker's Service Station where the Corvette was found after its theft.

■ Whether to allow rebuttal evidence is a matter within the sound discretion of the trial court. *State v. Cameron,* 604 S.W.2d 653, 658[10] (Mo.App.1980). Rebuttal evidence may directly or indirectly explain, counteract, repel, or disprove a defendant's evidence either directly or by implication. *Id.,* at p. 648[9]. We find no abuse of discretion in admitting this rebuttal testimony.

With respect to appellant's argument that the state failed to make a proper offer of proof because said offer should have been made by putting the witness on the stand and interrogating the witness, we are of the opinion no offer of proof was neces-

sary in the context of the procedural portion of this case.

 The purpose of an offer of proof is: (1) to inform the trial court and the opposing party of the substance of the *excluded* evidence; and (2) to provide a record for appellate review to determine whether the *exclusion* was erroneous and whether an appellant was prejudiced *by the exclusion*. *Thomas v. Wyrick*, 687 F.2d 235, 239[3] (8th Cir.1982). This court in *State v. Dixon*, 655 S.W.2d 547, 557[14] (Mo.App.1983) said:

> When an objection is sustained to proffered evidence, the party offering the evidence must demonstrate its relevancy and materiality by way of an offer of proof in order to preserve the matter for appellate review.

Appellant's objection to this evidence was not sustained in the trial court, the evidence was not excluded, and therefore there was no need for an offer of proof.

We hold there is no merit to appellant's contentions.

Judgment affirmed.

STEPHAN, C.J., and SIMON, P.J., concur.