STATE of Missouri, Respondent,

v.

Ralph CHILDRESS, Appellant.

No. 48557.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 1, 1985.

Robert J. Maurer, Clayton, for appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Ralph Childress, was convicted by a jury of first degree robbery, § 569.020, RSMo (1978), and was sentenced to life imprisonment. In this direct appeal, he contends that the trial court erred: (1) in permitting him to be cross-examined, over a hearsay objection, about a non-witness informant's taped statement and in admitting into evidence two letters written by defendant to a State's witness; and (2) in permitting rebuttal evidence by the State to establish that an informant's statement to the police was voluntary. We affirm.

Since defendant does not challenge the sufficiency of the evidence, we will briefly review the facts in the light most favorable to the verdict. Defendant and another man entered a restaurant on a Monday morning on the pretext of using the telephone. Shortly thereafter, an armored truck arrived and one guard went into the restaurant to pick up the bags containing the receipts for the weekend. As the guard came down the stairs from the manager's office in the restaurant, one man grabbed him and pointed a gun at his stomach. At the same time, defendant took the money bags and a sidearm from the guard. The two men then fled in a stolen car driven by a third man. The car was later abandoned.

Some time later, Kimberly Ransom, a woman familiar with defendant, gave information to the police about those persons involved in the robbery. The police tape-recorded her statement.

After his arrest, defendant was advised of his rights and shown photographs of himself and the other suspects. At that time he made a handwritten statement and signed a waiver of rights form. Later, he made a video-taped statement in which he confessed to his part in the robbery and detailed the respective roles of the other participants.

Defendant testified at trial. During direct examination he endeavored to establish that the police had induced him to make a statement in which he falsely implicated himself in the robbery. He testified that the police made him promises about not revoking his parole and about moving him to another city in exchange for his cooperation. He claimed that they threatened him with physical harm and coached him about what to say. Several times during his testimony he referred to an informant and a tape-recorded statement which the police played for him during his interrogation. He testified that this taped statement, in conjunction with the other promises, influenced him to fabricate his confession.[1]

Subsequently, defendant was cross-examined with regard to the taped statement. Defense objected and his objection was overruled. The State proceeded to question him about the identity of the informant, his relationship with her, as well as the contents of the tape. At the time of trial she could not be found to testify.

It is permissible for a defendant to be cross-examined in detail as to matters to which he generally refers in his examination in chief. *State v. Applewhite*, 682 S.W.2d 185, 188 (Mo.App.1984). The scope of the cross-examination is within the sound discretion of the court. *State v. Pospeshil*, 674 S.W.2d 628, 634 (Mo.App. 1984). Although defendant does not specifically challenge the scope of the cross-examination on appeal, we address that issue and find no abuse of the court's broad discretion.

Defendant's first contention on appeal is that the court erred in permitting the State, over his objection, to cross-examine him about the taped statement of the non-witness informant. He asserts that such testimony was inadmissible as hearsay.

---

1. Following are excerpts from defendant's direct examination in which he mentioned both the informant and the tape:

Q What else did they comment about?
A They commented about the robbery.
Q Okay.
A They commented they commented about the robbery my parole and about Kim and they commented about they had some witnesses to say that I did it.
\* \* \* \* \* \*
Q Who was present at that time?
A The same two officers.

Q Was there—there any other physical objects used at that time? Was there any intimidation or not?
A They—they had a tape recorded statement that they wanted me to listen to.
\* \* \* \* \* \*
Q At that—this—some point and time, did you make a comment to them?
A At some point and time, did I make a comment?
Q About giving them some information?
A After they played the tape recorded statement.
Q What did they say to you?
A They say, you want to hear about the tape.

"Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant." *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). If, however, an extrajudicial statement is offered without reference to the truth of the matter asserted, the hearsay rule is inapplicable. *State v. Henderson*, 666 S.W.2d 882, 887 (Mo.App.1984). Whether or not the evidence is received turns on whether it is relevant to issues in the case. *State v. Trotter*, 536 S.W.2d 877, 879 (Mo.App.1976), quoting from Wigmore on Evidence.

 Whenever a defendant, who initially confesses, later denies the validity of the confession on the premise that police tactics induced him to make an untrue statement, the State is entitled to cross-examine him regarding those factors which he alleges caused him to fabricate his statement. Here, the State properly elicited testimony about the informant's taped statement from the defendant. Such testimony is relevant because it pertains to his allegation that the taped statement was influential in procuring his own incriminating statement. Under these circumstances, the out-of-court statement is not offered to prove the truth of the matter asserted, i.e. that defendant was involved in the robbery. Rather, it is offered to prove and to explain its effect on his subsequent conduct. *State v. Shigemura*, 680 S.W.2d 256, 257 (Mo.App.1984). When offered for this purpose, the statement is not hearsay and is admissible.

 The second prong of defendant's first point challenges the admission into evidence, over his hearsay objection, of two letters written by him. This point was not raised in the motion for new trial. Our review, therefore, is limited to plain error. Rule 30.20. We find no error, plain or otherwise, in overruling the objection to the letters.

Defendant wrote the letters to a State's witness who was also a friend and a participant in the planning stage of the robbery. In both letters, he asked him to recant his statement in which he had implicated defendant in the robbery. The letters even contained a veiled threat: "So, I hope you don't cause me to say something I don't really want to say or do something I really don't want—like doing."

"Evidence to show that an accused has attempted to fabricate or procure false evidence or destroy evidence against him is always admissible as showing consciousness of guilty." *State v. Seals*, 515 S.W.2d 481, 484 (Mo.1974). *See also State v. Freeman*, 667 S.W.2d 443 (Mo.App.1984). We note that defendant never actually admitted his involvement in the robbery in the letters. Yet, the admissibility of such letters is not predicated upon their containing express references to defendant's consciousness of guilt. *State v. Endres*, 699 S.W.2d 1, 3 (Mo.App.). Defendant's first point is denied.
first point is denied.

Defendant's second point is that the court erred in permitting the State to offer, over his objection, rebuttal evidence to verify that a police informant's taped statement implicating him in the robbery had been given voluntarily. Both on cross-examination and in his letters, he stated that the informant had been coerced by the police to lie and had signed an affidavit to that effect in which she retracted her statement. The affidavit was introduced into evidence by defendant.

 Any competent testimony which refutes evidence offered by the defendant may be offered in rebuttal. *State v. Dizdar*, 622 S.W.2d 300, 302 (Mo.App.1981). Here, the State was permitted to question two police officers to establish that the informant had contacted them of her own accord and had given her statement voluntarily. This was proper to rebut the claim of the defense that her statement had been procured by coercion. The admission of rebuttal evidence, as well as its scope, rests within the discretion of the trial court. *State v. Garrett*, 682 S.W.2d 153, 156 (Mo. App.1984). The trial court did not abuse

its broad discretion. Defendant's second point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.