**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**William W. RAMSEY,**
**Defendant-Appellant.**

**No. 50157.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 1986.

Motion for Rehearing and/or Transfer
Denied May 28, 1986.

John F. Bauer, Ahrens & Bauer, Inc., St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Lee B. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals his conviction for leaving the scene of a motor vehicle accident, § 577.060, RSMo.Supp.1986, and his resulting one year sentence. We affirm.

The evidence at trial showed the following. Between 11:30 p.m. and midnight on October 10, 1984, Robert Gore's car was struck while parked outside Deppe's tavern in North St. Louis. When Gore looked out the window of the bar, he observed a red Corvette backing up and pulling away from the scene. He immediately reported the incident to the police. Several calls were broadcast over police radio mentioning a "Negro male"[1] driving a "late model red Corvette." A patrolling police officer, shortly after having issued a parking ticket to an illegally parked red Corvette, heard the radio broadcast and went to the defend-ant's residence. He observed the Corvette with heavy front end damage which had not been present when he issued the parking ticket. Gore identified defendant as the man who was driving the red Corvette that struck his car.

Defendant raises three points on appeal: (1) the trial court erred in allowing a police officer to testify to the difference between damage to an automobile constructed largely of fiberglass and one built of steel; (2) the court erred in refusing to grant a continuance and to order the arrest of a surrebuttal witness defendant claimed to be necessary for his defense; and (3) the court erred in allowing the state to put on a rebuttal witness who observed defendant's hairstyle near the time of his arrest.

The rebuttal witness produced by the state was a cocktail waitress at Little John's Pub, which is a few blocks from the scene of the hit-and-run accident. She testified that on the night of the accident, a Wednesday, defendant was wearing a "curly perm" hairstyle. Defendant sought to have a surrebuttal witness, Jim Cody, testify that the state's rebuttal witness did not work on Wednesday nights. Cody, although it is not entirely clear from the record, seems to have been the manager of Little John's Pub. Defendant's attorney had subpoenaed Cody the night before the final day of the trial. When Cody did not respond to the subpoena the following morning, defendant requested a continuance and an order for Cody's arrest. The court did not rule on this request immediately. After defendant had introduced other surrebuttal evidence consisting of the testimony of a fellow employee who said defendant had a "shaggy hairstyle" but not a curled up perm or Afro and who identified a photograph of defendant taken three months before the incident, the trial court refused to delay submission of the case to the jury and denied defendant's motion for a continuance. No ruling was made upon the request for the arrest of Cody nor was

---

1. Defendant is described in the police report as a "white male, medium complexion with brown hair and a beard."

such a ruling specifically asked for by defendant.

■ The trial court's decision regarding whether to grant a continuance will not be reversed on appeal absent a clear abuse of discretion. *State v. McLaurin*, 684 S.W.2d 570, 571 (Mo.App.1984); *State v. Hord*, 615 S.W.2d 553, 555 (Mo.App.1981). The request for a continuance in this case fails to comply with the requirements of Rule 24.09 in that it was not in writing and was not supported by affidavit. Moreover, even the oral presentation made to the trial court failed to supply the elements required under Rule 24.10: the residence of the witness was not mentioned, Rule 24.-10(b); the absence of any other witness who could prove the same facts was not established, Rule 24.10(c); that the witness was not absent by the connivance, consent or procurement of the applicant was not stated, Rule 24.10(d). Perhaps most important was the failure of the oral request to show the materiality of the testimony of the missing witness as required by Rule 24.10(a). The only fact defendant proposed to introduce through the testimony of Cody was that business records would disclose that the waitress did not work on Wednesday nights. That she was in error in testifying that she was working rather than socializing in Little John's Pub, or that she was mistaken about the exact date she recalled seeing the style of defendant's hair is of such small moment it hardly justifies further prolongation of a trial already in its third day. Under the circumstances, and "indulging every intendment in favor of the trial court's action," *State v. Gaskin*, 618 S.W.2d 620, 626 (Mo.1981), we find no abuse of discretion.

■ Defendant also contends that the cocktail waitress was not a proper rebuttal witness. The admission and scope of rebuttal testimony is generally discretionary with the trial court. *State v. Garrett*, 682 S.W.2d 153, 156 (Mo.App.1984); *State v. Cameron*, 604 S.W.2d 653, 658 (Mo.App. 1980). Rebuttal testimony is any competent testimony that tends to explain, counteract, disprove or refute evidence offered by defendant. *State v. Dizdar*, 622 S.W.2d 300, 302 (Mo.App.1981).

■ Clearly in the case at bar the defendant's hairstyle was an issue pertaining to the identifications made by witnesses and police officers. The question of whether or not defendant had changed his hairstyle between the time of his arrest and the time of his trial was a major subject of direct and cross examination of various state witnesses. The defendant introduced evidence that defendant had worn his hair in its present style for "quite a while." The waitress asserted positively that the defendant's hairstyle at the time of trial was different than it was at the end of summer when he had a "curly perm." It was within the trial court's discretion to determine that this counteracted the inference defense counsel was trying to create throughout the trial: that the police radio calls describing the driver of the hit-and-run vehicle as a black man with an Afro hairstyle could not have been describing defendant.

■ Defendant's final point relates to the testimony of a police officer concerning the damage to defendant's automobile. The officer had observed no damage to the defendant's Corvette when he gave it a parking ticket. However, he observed heavy front end damage to the car when he went to the defendant's residence after hearing the radio report of the incident. Over defendant's objection that he was not a qualified expert, the officer was permitted to testify that the front end damage to the fiberglass body of the Corvette was not similar to the damage to a steel automobile body. We find no error. The testimony was based upon the officer's personal observations. "When a witness has personally observed events, he may testify to his 'matter of fact' comprehension of what he has seen in a descriptive manner which is actually a conclusion, opinion or inference, if the inference is common and accords with the ordinary experiences of everyday life." *State v. Morrow*, 541 S.W.2d 738, 742 (Mo.App.1976). Moreover, the matter was insignificant and even if the admission

of the testimony had been erroneous, "we are 'able to declare that it was harmless beyond a reasonable doubt.' *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705." *State v. Miller*, 650 S.W.2d 619, 621 (Mo. banc 1983).

The judgment is affirmed.

SMITH and SNYDER, JJ., concur.