**STATE of Missouri, Respondent,**

v.

**Larry Dale WOOTEN, Appellant.**

**No. 51934.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 9, 1987.

Motion for Rehearing and/or Transfer
Denied July 9, 1987.

Application to Transfer Denied
Sept. 15, 1987.

William P. Grant, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals after being convicted, by a jury, of three counts of incest, § 568.020, RSMo 1986, for which he was sentenced to three consecutive five-year terms of imprisonment. We affirm.

August 11, 1985, two of defendant's daughters, seventeen and eighteen at the time, contacted Division of Family Services (Family Services) and reported their father had been engaging in sexual intercourse with them since they were around twelve years old. Defendant initially denied the allegations, but on August 20, 1985, defendant made an oral confession, which he chose not to reduce to writing, to a sheriff's officer and the Family Services caseworker assigned to the case. In this state-

ment, made after defendant was read his Miranda rights, defendant said he had engaged in sexual intercourse with his two older daughters, but he denied it was with the frequency they had alleged. At trial defendant again denied having sexual intercourse with his daughters, and testified his statement admitting to the incest was motivated by a desire to regain custody of two younger daughters who had been removed from his home by Family Services. Defendant was charged by information dated November 15, 1985, with engaging in sexual intercourse with his eldest daughter on April 15, 1985, and with his second daughter on July 29, 1985 and August 8, 1985.

Defendant raises two points on appeal, both involve trial court rulings on the admissibility of testimony. In the first, he asserts the trial court abused its discretion in refusing his alibi testimony. In his second point, defendant asserts error in allowing the rebuttal testimony of the Family Services caseworker assigned to the case.

At trial defendant attempted to testify he was away from home on the dates he was charged with having had sexual intercourse with his daughters in his home. The State objected to the testimony on the ground defendant did not respond to the State's discovery request that they be informed if defendant was going to raise an alibi defense. Rule 25.05(A)(5). Defendant asserts that disallowing his alibi testimony was too harsh a sanction for his failure to disclose. As defendant admits in his brief, sanctions are in the discretion of the trial court. *State v. Harris*, 664 S.W.2d 677, 680[2, 3] (Mo.App.1984); *State v. Grissom*, 642 S.W.2d 941, 946[7] (Mo.App.1982).

Defendant was aware of the specifics of the charges on November 15, 1985, when the information was handed down; his merely listing as potential witnesses those persons he wanted to use as alibi witnesses could not be expected to apprise the State of his intent to use an alibi defense. The failure to admit the testimony would be an abuse of discretion if it resulted in fundamental unfairness to defendant. *Harris*, 664 S.W.2d at 680–681; *State v. Gooch*, 659 S.W.2d 342, 343[1] (Mo.App.1983). In

*Gooch* the court found the exclusion of corroborating alibi testimony to be an abuse of discretion where defendant testified he was with his wife at the time of the crime and defendant's wife was not allowed to corroborate that testimony. The rationale behind the decision in *Gooch* was that because of the court's ruling defendant was in a worse position than if he had not testified. That rationale does not apply to this case.

■ No reasonable justification was given for the failure to disclose the alibi. The sanction is among those allowed by Rule 25.16, and defendant has not demonstrated fundamental unfairness resulted from the sanction. There was no abuse of discretion.

In his case in chief, defendant and his wife both testified the Family Services caseworker assigned to their case (caseworker) told them that if defendant confessed the two younger girls would be returned to their custody and defendant would only get probation. In rebuttal, the State put caseworker back on the stand and she testified she never made such statements. After the caseworker's rebuttal testimony, defendant's wife again took the stand and testified caseworker told her unless husband confessed the children would be taken, and if he confessed there would be deferred prosecution. The State put caseworker back on the stand after wife's surrebuttal testimony. During her third time on the stand, caseworker testified she never mentioned deferred prosecution to defendant.

■ The admission and the scope of rebuttal testimony is within the discretion of the trial court. *State v. Ramsey*, 710 S.W.2d 459, 461 [2] (Mo.App.1986); *State v. Garrett*, 682 S.W.2d 153, 156[11] (Mo.App. 1984). Testimony offered by the State to rebut testimony brought out in defendant's case is within the scope of rebuttal. *State v. Jordan*, 699 S.W.2d 80, 82[4] (Mo.App. 1985); *State v. Childress*, 698 S.W.2d 612, 614[5] (Mo.App.1985). Caseworker's testimony that she never told defendant or his wife that they would regain custody of the girls if defendant confessed was in direct rebuttal of their testimony. Likewise,

caseworker's testimony she never spoke of deferred prosecution directly responded to wife's testimony on surrebuttal. Caseworker's testimony on rebuttal was responsive first to defendant's evidence in his case in chief, and then to evidence presented in surrebuttal; it was not merely cumulative. Even had it been cumulative its admission would not have been an abuse of discretion. *State v. Sanders*, 714 S.W.2d 578, 585[5] (Mo.App.1986).

Judgment affirmed.

SATZ, P.J., concurs in separate concurring opinion.

KELLY, J., concurs in separate concurring opinion of Judge SATZ.

SATZ, Judge, concurring.

Under present Missouri law, I am constrained to concur.

We, as appellate courts, repeatedly state that a trial court's refusal to permit an alibi witness to testify is a drastic action, as drastic an action as granting a mistrial, and, therefore, when a request for either action is made, the trial court should exercise extreme caution in granting either request. *See, e.g., State v. Mansfield*, 637 S.W.2d 699, 703 (Mo. banc 1982); *State v. Gooch*, 659 S.W.2d 342, 343–344 (Mo.App. 1983). It is curious, however, that, more often than not, we affirm the grant of the state's request to prevent an alibi witness from testifying, *See, e.g., State v. Mitchell*, 674 S.W.2d 184, 185 (Mo.App.1984); *State v. Harris*, 664 S.W.2d 677, 680–681 (Mo. App.1984); *State v. Diamond*, 647 S.W.2d 806, 807–808 (Mo.App.1982); *State v. Grissom*, 642 S.W.2d 941, 946 (Mo.App.1982); *But see, State v. Mansfield, supra* at 703–704; *State v. Gooch, supra* at 343–344, and, with the same apparent consistency, we affirm the denial of the defendant's request to grant a mistrial. *See, e.g., State v. Johnson*, 700 S.W.2d 815, 819 (Mo. banc 1985); *State v. Lee*, 654 S.W.2d 876, 879 (Mo. banc 1983); *State v. Pickens*, 699 S.W.2d 12, 13 (Mo.App.1985).