STATE of Missouri, Respondent,

v.

Andrew PIPHUS, Appellant.

No. 53195.

Missouri Court of Appeals, Eastern District, Division One.

April 26, 1988.

Holly G. Simons, Mary Clare McWilliams, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for unlawful use of a weapon, § 571.030.1(1), RSMo 1986, and possession of a controlled substance, § 195.020.1, RSMo 1986. Defendant was sentenced to concurrent prison terms of two and one-half years and six months respectively. We affirm.

In its case in chief, the State adduced evidence from two police detectives, a fire arms expert, and a lab technician. They testified that: At about 7:30 p.m. on November 4, 1986, police officers executed a search warrant at 1379 Granville, because their surveillance indicated drugs were being sold from the house at that address. While several detectives entered the building by the front door, uniformed officers deployed themselves at the rear entrance to the house. As the detectives entered the building, they saw three subjects run out the back door. One of those subjects was defendant.

The detectives pursued the three subjects. As defendant was running out the back door, he removed a hand gun from the waistband of his pants and threw it to the ground. The detectives chased another subject into an adjoining building and the

uniformed officers detained defendant. When the detectives returned they read defendant his Miranda rights and searched him. They testified that at no time did anyone strike defendant. The search revealed defendant had three small brown envelopes containing marijuana in the right front pocket of his trousers. A .357 magnum revolver was recovered from the yard by one of the detectives.

Defendant asserts he was not carrying a gun or drugs on the evening of his arrest. He testified detectives, whom he could not identify, took him to the back wall of the house, beat him with a nightstick, and threatened to plant drugs on him unless he told them where the drugs were in the house. Defendant claims the gun was not found until after he was placed in the police car, and he was not aware he was being charged with possession of a controlled substance until he was at the police station.

During rebuttal the detectives who testified in the State's case in chief testified they did not carry nightsticks; they did not observe anyone hit defendant with a nightstick; they did not hear anyone threaten to plant drugs on defendant; and no one planted a gun or drugs on the defendant. Two of the uniformed officers who had been deployed at the rear of the building also testified for the State on rebuttal. Their testimony was in accord with that of the detectives.

 Defendant asserts the State's rebuttal evidence did not counteract, repel or disprove evidence presented by the defendant. He further asserts the rebuttal testimony was unduly cumulative. Admission of rebuttal testimony is a matter within the sound discretion of the trial court. *State v. Ramsey*, 710 S.W.2d 459, 461 [2] (Mo.App. 1986); *State v. Jordan*, 699 S.W.2d 80, 82 [3] (Mo.App.1985). Testimony used in rebuttal is not improperly admitted merely because it could have been used by the State in its case in chief. *State v. Caldwell*, 695 S.W.2d 484, 487 [10] (Mo.App. 1985).

The crux of defendant's testimony was that the police hit him with nightsticks

in an attempt to get him to tell them where the drugs were located, and when he could not supply them with that information they planted the drugs and gun on him. Testimony that the detectives did not carry nightsticks and that no one hit or threatened defendant directly contradicted defendant's testimony. *State v. Sanford*, 734 S.W.2d 525, 527 [6] (Mo.App.1987). The rebuttal testimony that no one hit defendant with a nightstick was similar to the detectives' initial testimony. However, the rebuttal testimony of the detectives was a specific response to defendant's testimony rather than a repeat of the general statement that defendant was not struck. Likewise, the uniformed officers' testimony was not cumulative because it rebutted the possibility defendant was struck while the two detectives were chasing the other suspect. Even if the rebuttal testimony had been somewhat repetitive, its admission would not have been an abuse of discretion. *State v. Sanders*, 714 S.W.2d 578, 585 [5] (Mo.App.1986).

Judgment affirmed.

GARY G. GAERTNER, P.J., and REINHARD, J., concur.