**STATE of Missouri, Respondent,**

v.

**Clarence Louis TAMMONS, Appellant.**

No. 35956.

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 22, 1975.

of illegal possession of heroin, and was sentenced by the court to imprisonment for a term of fifteen years.

Appellant does not challenge the sufficiency of the evidence. His sole contention pertains to an incident that occurred during the closing argument of the circuit attorney.

A jury reasonably could find that on June 13, 1973, Police Detectives William Monroe and Dennis Oberdieck of the St. Louis Police Department observed appellant, with the aid of binoculars, on three separate occasions when approached by a person, walk from where he was seated to a tree about ten feet distant where he picked up a box and removed something from it, and then hand what he had removed from the box to the individual. The officers took possession of the box, and subsequent analysis disclosed that the box contained packets of heroin.

Prior to the opening statement, counsel for appellant advised the court that he anticipated that the attorney for the State would relate in his opening statement that the police officers saw appellant "receiving money from certain individuals and thereafter going over and getting drugs and bringing the drugs to these people." Counsel stated that he considered "this is highly prejudicial for a possession case and I think it's irrelevant, and I think it constitutes proof of other crimes," and he requested a "protective order that he [the State's attorney] not mention any of those facts concerning anyone passing money to [appellant], or to [appellant] going over and getting drugs and giving them to someone else." The State's attorney admitted that he intended "to elicit that information both in my opening statement and my case in chief." The court overruled the "objection" of appellant's counsel, who then asked if "this [may] be considered a timely objection" when mention is made in the opening statement "as well as when these individuals testify to it in court." The court stated "It can be con-

Crouppen, Walther & Zwibelman, Gael I. Infande, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Clarence Louis Tammons, tried under the Second Offender Act, § 556.280, RSMo 1969, V.A.M.S., was found guilty by a jury

sidered timely with respect to the opening statement but not when they testify."

In his opening statement the attorney for the State related that he expected to prove that the two officers observed three individuals approach appellant at separate times, and that appellant then would go approximately ten feet to a red box, remove some item from it, return to the individual "and exchange it with the three individuals who came up to him." No reference was made to the passage of money.

During direct examination Officer Monroe testified that he observed appellant go to the box and obtain something from it and hand it to an individual "who in turn gave to him what appeared to be moneys [sic] from my vision with the binoculars." Appellant objected "to the speculation on the part of this witness." The court sustained the objection, and upon request instructed the jury to "disregard the statement with respect to what appeared to be money. That will be stricken."

During the closing argument to the jury, the counsel for the State was relating the testimony of Officer Oberdieck as to what he had observed by use of the binoculars, and he related that the officer had testified that appellant would "remove some of the contents of the box, walk back to where the individual was, the ten feet, give the contents to the individual, and again a transaction would take place." He then added: "Now, Officer Oberdieck said it appeared to be money on the second and third transactions where he had the field glasses." There was no such testimony by Officer Oberdieck that the transactions appeared to involve money. As previously noted the testimony of Officer Monroe that he observed what "appeared" to be money was stricken out because it was speculative. However, no objection was made to this statement in oral argument, and the incident is not mentioned in the motion for new trial.

In appellant's only point on this appeal he asserts that "It was error for the prose-cutor to mention the alleged exchange of money in [his] closing argument because said use constituted proof of other crimes." He apparently refers to the offense of selling heroin, but he does not contend in the point that there was no evidence to support the argument, but instead, contends that the argument constituted "proof of other crimes." He attempts to excuse his failure to object to the statement at the time, and his failure to mention the incident in his motion for new trial because he had objected to the mention of any exchange of money prior to the opening statement, and when the court sustained his objection to the testimony of Officer Monroe "there existed two inconsistent rulings on whether or not any reference to an exchange of money [was] admissible."

There is no merit to appellant's contentions for several reasons. First, the trial court correctly overruled appellant's request for a "protective order." In the proof of a charge for the possession of heroin, it is permissible to show that the accused made a sale of heroin. State v. Taylor, 508 S.W.2d 506, 511 (Mo.App. 1974). A contemporaneous sale of heroin is material to show knowledge on the part of the accused of what he possessed, and it is so related to the offense of possession that as a part of the res gestae it tends to prove the latter offense. State v. Taylor, supra; State v. Shumate, 478 S.W.2d 328 (Mo.1972); State v. Walker, 490 S.W.2d 332 (Mo.App.1973).

Second, the trial court did not make an inconsistent ruling when it sustained the objection to the testimony of Officer Monroe. The objection was that the testimony that an individual gave appellant "what appeared to be moneys" was "speculation on the part of this witness." The ruling on that objection was correct. It did not amount to a ruling that non-speculative testimony concerning an exchange of money was not admissible.

Third. Although the statement made in closing argument that Officer Ob-

erdieck had testified that "it appeared to be money" that was exchanged was not supported by the evidence, there was no objection by appellant, and the error is not preserved for appellate review. State v. Williams, 423 S.W.2d 736 (Mo.1968). This definitely is not the kind of a situation which called for the trial court to take remedial action without request.

 Fourth. The point is directed to the contention that the statement made in argument "constituted proof of other crimes." Statements made by counsel does not constitute evidence, and the jury was so instructed in this case. But, in any event, in this case proof that appellant made a sale of heroin contemporarily with his possession would have been admissible, and finally, the incident is not mentioned in the motion for new trial, and therefore is not preserved for appellate review, State v. Carr, 499 S.W.2d 788 (Mo.1972), and in no event could this be considered to constitute plain error within the meaning and scope of Rule 27.20(c), V.A.M.R.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.