**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles RICE, Defendant-Appellant.**

No. 35613.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 22, 1975.

657

Vogel & Frye, Wm. H. Frye, Cape Girardeau, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Donald R. Bird, William F. Arnet, Asst. Attys. Gen., Jefferson City, James E. Moore, III, Pros. Atty., Stephen Taylor, Asst. Pros. Atty., Sikeston, for plaintiff-respondent.

SMITH, Chief Judge.

Defendant appeals from his conviction and sentence of five years, after jury verdict, for exhibiting a dangerous and deadly weapon in a threatening manner. Sec. 564.610 RSMo 1969, V.A.M.S.

658

■ A Sikeston, Missouri, policeman identified defendant as the man who, after several minutes of conversation, pulled a handgun from his pocket and fired at the policeman. Although the occurrence was at night, the testimony indicated sufficient light for the policeman to make an identification, and his description of the assailant was corroborated generally by two other witnesses. The policeman said he saw a barrel in defendant's hand from which two flashes emerged and two shots sounded. The shots and flashes were also corroborated. This is sufficient to support a conclusion that defendant had a gun. The firing of the gun at the policeman establishes the exhibition in a "threatening manner." The evidence was sufficient to support the verdict.

■ Defendant also attacks the trial court's refusal to suppress a pre-trial identification of defendant by the policeman. The motion makes it unclear whether it sought to suppress any identification or only an identification in the Charleston jail the day after the crime. Following an evidentiary hearing and denial of the motion to suppress, no objection was made to identification at trial or to references to the policeman having seen defendant in the Charleston jail. Such objections are required to preserve the alleged error for review and this case demonstrates the soundness of that rule. See State v. Caffey, 457 S.W.2d 657 (Mo.1970); State v. Triplett, 520 S.W.2d 166 (Mo.App.1975). In the absence of specific objections at trial, we are left in doubt which testimony defendant claims is inadmissible.

■ To the extent the claim of error is based upon the in-court identification, we find sufficient independent grounds for identification under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The in-court identification was based upon a three to five minute observance of the defendant at the scene by a trained observer. This was followed by a detailed, corroborated description of defendant sufficient to permit a police officer in another county to immediately recognize the man described when he received the information by telephone.

■ To the extent the attack is leveled at the admission of evidence of the jailhouse confrontation, it is unsupported by the record. The only evidence elicited by the prosecution of the policeman at trial was that he saw defendant in the Charleston jail the next day, that he was wearing the same clothes as on the night before, and that there was nothing "about his physical appearance on the 28th of July as opposed to the 27th of July." At no time before the jury did the policeman indicate that he identified defendant on the 28th as his assailant, that he was requested to identify him or that he picked him out of a line-up. To the jury the policeman simply testified that he and another policeman went to Charleston after receiving a call that defendant had been picked up and was in jail at the Sikeston police request. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) deals with the vice of bolstering an in-court identification by reference to a line-up identification conducted illegally. The testimony here was not for that purpose and could not reasonably be concluded to have had that effect. We find no merit in defendant's identification points.

■ Defendant complains that he was not afforded a speedy trial. Defendant was arrested July 28, 1972 and tried June 29, 1973. In the interim he had seven appointed counsel, six of whom he successfully requested be dismissed. Defendant was sent, at his request, to Fulton State Hospital for psychiatric examination and was there for two and one-half months. He requested and received a disqualification of the magistrate prior to preliminary hearing, a change of venue from Scott

County to Cape Girardeau County, and a disqualification of the circuit judge. He filed numerous motions including several for psychiatric examination of the magistrate and of the trial judge (two of which he withdrew), a motion to disqualify the second circuit judge and motions to dismiss his final trial counsel. Defendant was given a hearing on all motions upon which he wished a hearing. While it is true that the obligation to assure a defendant a speedy trial rests upon the court and prosecutor, the delays caused here were the product of defendant's action. In the posture of this case defendant's real contention is that the court was too conscientious in hearing, deciding and on occasion sustaining defendant's myriad of motions and in attempting to protect defendant's rights. He is in no position to complain of the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 32 L.Ed.2d 101 (1972).

■ Four of defendant's points raise the same basic problem, whether it was sufficient to submit only that the defendant's action was done in a threatening manner, but not submitting that the action was done in a rude and angry manner. Defendant contends all three elements must be shown and submitted to the jury. We think not. The statute provides "rude, angry *or* threatening manner." We see no reason why the disjunctive "or" should be construed to mean the conjunctive "and" here.

We have reviewed carefully defendant's remaining points and find them without merit. Discussion of those points would have no precedential value and as to them we affirm in accord with Rule 84.16(b), V.A.M.R.

Judgment affirmed.

KELLY and STEWART, JJ., concur.