**STATE of Missouri, Plaintiff-Respondent,**

v.

**Louis GREENLAW, Defendant-Appellant.**

**No. 37217.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 4, 1977.

Robert C. Babione, Public Defender, Kent W. Fanning, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, Mo., for plaintiff-respondent.

DOWD, Judge.

Louis Greenlaw was found guilty of first degree robbery by means of a dangerous and deadly weapon, and sentenced to eight years imprisonment. Both issues raised on appeal relate to his pre-trial motion to suppress identification testimony.

Disposition of these issues does not require a detailed discussion of the facts. The record shows that on March 25, 1966, three men entered a dentist's office and robbed the dentist, two employees and two patients. The following May, defendant was identified at a show-up by the dentist and an employee. Before trial in June, 1975, a hearing was held on defendant's motion to suppress identification testimony, which alleged that the pre-trial confrontation procedures were so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law.

The dentist, one employee, and one patient testified at the hearing. The patient had never been called to a show-up, nor had she seen defendant since the robbery, either in person or in photographs, prior to the motion hearing. At the hearing she was asked if she could select defendant from a line-up if one were held that day. The court sustained an objection to the question, stating that it was hypothetical and called for a conclusion for which there was no basis.

The trial court denied defendant's motion, finding the pre-trial confrontations not unnecessarily suggestive or conducive to mistaken identification, and finding the in-court identifications of the three witnesses untainted by and independent of pre-trial confrontations, and based on the witnesses' own observations.

At trial, each of the three witnesses identified defendant as one of the robbers, and stated the basis of the identification. No objection was made at trial to the identifications.

 Defendant asserts first that the question excluded by the trial court was properly framed to explore the patient's competence to identify him, as part of the ⸻ "totality of circumstances" surrounding her identification. Since no line-up was held, however, the question was clearly speculative and without basis in fact. Testimony of that nature is not admissible. *State v. Hewitt*, 259 S.W. 773, 780 (Mo.1924); *State· v. Tammons*, 522 S.W.2d 648, 650 (Mo.App. 1975).

 Defendant argues in his second point that the trial court erred in denying his motion, since the show-ups attended by the dentist and his employee were unconstitutionally suggestive. An issue of constitutional proportions, in order to be preserved for appeal, must be kept alive at each opportunity. *State v. Yowell*, 513 S.W.2d 397, 402 (Mo. banc 1974). Since defendant did not object at trial to identification by these witnesses, he has failed to preserve the issue he now raises. *State v. Rice*, 522 S.W.2d 656, 658 (Mo.App.1975).

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.