**STATE of Missouri, Respondent,**

v.

**Ramon MUNOZ, Appellant.**

**No. 47954.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 18, 1984.

Application to Transfer Denied
Nov. 20, 1984.

minor sons. That evening, appellant sodomized the nine year old son. The evidence was overwhelmingly against appellant: The mother took her son to Cardinal Glennon Hospital where a physician discovered that the child had a rectal injury consistent with a sexual assault. A criminalist with the St. Louis Metropolitan Police Department performed several tests on the underpants worn by the child at the time of the incident. The tests revealed semen stains in the rear area of the underpants. Further tests revealed that the stain was deposited by a "Type A secreter;" the appellant is a "Type A secreter." The child is a "Type O secreter."

The sole issue on appeal arises as a result of statements made by the prosecuting attorney during closing argument. He referred to appellant as a "monster" and called sodomy a "nasty crime." Appellant contends that the trial court committed error when it allowed these statements to be made during closing argument.

The appellant relies on plain error since no objection was made below. In the first place, if the remarks resulted in such an inflammatory and prejudicial error, it seems certain that an objection would have been made at trial. Furthermore, a statement in closing argument will rarely affect the substantial rights of a defendant so as to result in plain error. *State v. Brown*, 528 S.W.2d 503, 505 (Mo.App.1975). Although a prosecutor should not apply unbecoming names to a defendant, *State v. Burnett*, 429 S.W.2d 239, 246 (Mo.1968), not every instance of improper argument requires a mistrial or a new trial. *State v. Raspberry*, 452 S.W.2d 169, 173 (Mo.1970). Courts have held that such name-calling, while ill advised, is not prejudicial, especially where there is evidence to support such a characterization. *State v. Mayfield*, 562 S.W.2d 404, 412 (Mo.App.1978). Thus, cases in which the defendant was called such names as "young punk," "lying thief," "desperado," "hoodlum," "drunken killer," and "pimp" have been reviewed by

John Putzel, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Appellant Ramon Munoz was found guilty by a jury and was convicted of sodomy in violation of § 566.060 RSMo 1983 Supp. He was sentenced to fifteen years' imprisonment. We affirm.

On December 28, 1982, appellant was living in St. Louis with his wife and her two

our courts and have not resulted in reversal. *See State v. Poole*, 556 S.W.2d 493, 495 (Mo.App.1977). After reading the text of the closing argument, we do not find that the appellation given by the prosecutor to the appellant in context of the entire argument was "so offensive or of such gravity as to have impaired defendant's fundamental right to a fair trial." *Cloud v. State*, 507 S.W.2d 667, 669 (Mo.App. 1974). Nor do we find the characterization of sodomy as a "nasty crime" unduly prejudicial to the appellant. Thus, no plain error occurred.

Judgment affirmed.

REINHARD, C.J., and CRIST, J., concur.