John **ALEXANDER**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 41932.

Missouri Court of Appeals,
Western District.

Jan. 9, 1990.

Judith C. LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

PER CURIAM.

This is an appeal from the denial, following an evidentiary hearing, of appellant's Rule 29.15 motion for post-conviction relief. Appellant claims that his trial attorney conceded his guilt during closing argument, and that he was therefore denied the effective assistance of counsel. The judgment is affirmed.

■ Appellant was convicted of first-degree murder, § 565.020, RSMo 1984 Supp., and he was sentenced to life imprisonment without eligibility for probation or parole. His conviction and sentence were affirmed on direct appeal in *State v. Alexander*, 729 S.W.2d 486 (Mo.App.1987).

The following evidence was adduced at trial. On December 6, 1984, appellant and his wife Glenda had been separated for some time, and a petition to dissolve their marriage was pending. Early that morning, appellant went to the house where Glenda was living, entered her bedroom, and shot Glenda and Terry Ince as they lay in bed. One bullet passed through Glenda's abdomen, and three bullets entered Ince's back.

At 5:50 that morning, a police officer was dispatched to Glenda's house, where he found Glenda and Ince lying in the bed. Ince was dead, but Glenda, who had survived the attack, told the policeman, "John done it." Then, at 7:00 a.m., Sheriff David Jenkins went to appellant's house and knocked on the door, which came slightly ajar. Through the opening Jenkins saw appellant slumped in a chair. Jenkins and his colleagues ran in and apprehended appellant, also seizing a handgun that was wedged under appellant's leg.

Scientific testimony showed that Ince died as result of one of the three gunshot wounds inflicted on him. Analysis of the remnants of the bullets found in Ince's body and in Glenda's house showed that the bullets were fired from the gun seized from appellant.

Appellant did not testify at his trial. His trial counsel made the following remarks during closing argument:

The State hasn't proved premeditation, deliberation, cool and calm reflection beyond a reasonable doubt. They haven't even come close. There was nothing here cool about this situation.

.    .    .    .    .

I think you all know in your hearts and in your mind this is no first degree murder case.... I don't think that there was any cool reflection shown to have been done that night. I want you to remember and think. Think of them in terms of opposites, things done in the heat of passion, in sudden passion are by their very nature not coolly deliberated, coolly reflected upon.

.    .    .    .    .

If you're committing a premeditated, coolly reflected upon killing, do you do that around your kids? Or how does that happen? It happens when something is done in a fit of rage and emotion, when something is done that you can't control. You don't do that type of thing with your kids around if you're planning to do it. There was evidence that he had been out drinking before on that evening. That ought to show you that this was not a coolly reflected upon thing.

.    .    .    .    .

[W]hat kind of system can you assure yourself is waiting for you when you're charged with some crime that you didn't commit or when you're charged with a higher degree of an offense than you committed....    .

.    .    .    .    .

Once more I want to say you don't do a premeditated deliberated coolly planned killing if your kids are around and if you love your kids. The way that happens is in a fit of rage.

.    .    .    .    .

Have they proved beyond a reasonable doubt that something didn't snap, that this wasn't just one thing too many? ... I think that this is just the opposite of a planned, premeditated, coolly deliberated killing.

.    .    .    .    .

And this is a sad and tragic situation, but that's how this sort of thing happens. It happens in a sudden rage when something just snaps in a person.

.    .    .    .    .

You don't accomplish one thing if you find a man guilty of a crime that he's not guilty of or guilty of a higher crime than what he's guilty of.

As his sole point of appeal, appellant contends that his trial counsel was ineffective because he conceded, during his closing argument, that appellant shot and killed Terry Ince. According to appellant, his trial consul essentially abandoned his defense by arguing that appellant was guilty of manslaughter only, and not guilty of first-degree murder. Instead, claims appellant, his trial counsel should have argued that appellant did not shoot Ince, and that he was not guilty of any charge.

Appellant cites no Missouri cases in support of his argument. Instead, appellant cites *Francis v. Spraggins*, 720 F.2d 1190, 1193 (11th Cir.1983); *Wiley v. Sowders*, 647 F.2d 642, 650 (6th Cir.1981); and *People v. Carter*, 41 Ill.App.3d 425, 354 N.E.2d 482, 485 (1976). However, there are some fundamental distinctions between the cases cited by appellant and the case at bar. First, in each case cited by appellant, the trial counsel admitted the defendant's guilt to the crime that was charged in the indictment, instead of conceding involvement in a lesser offense in hopes of avoiding conviction of a greater offense. Second, in so doing, the trial counsel was not pursuing any kind of trial strategy that could be considered competent or reasonable.

Thus, on its facts, the case at bar is closer to *Faraga v. State*, 514 So.2d 295 (Miss.1987). In *Faraga v. State*, the defendant was on trial for capital murder. During closing argument, his trial attorney conceded that the defendant was guilty of simple murder, while arguing that the State had failed to make a case for capital murder. In rejecting the defendant's claim of ineffective assistance of counsel, the Mississippi Supreme Court made the following remarks about the attorney's concession that his client had killed the victim:

> Of course, no attorney representing a client who has pleaded not guilty should concede in his oral argument to a jury that his client was in fact guilty of the crime charged in the indictment. (Citations omitted.)

When proof of certain facts is overwhelming, however, an attorney may find it strategically prudent to concede such facts while still denying that his client is guilty of the crime charged in the indictment. In this case, Faraga did not take the witness stand during the guilt phase, and the ... proof offered at trial was overwhelming that he did murder the infant ... [Defense counsel] very well could have concluded he had no defense to argue· to the jury that his client was not guilty of murder. He did, however, have a factual argument that it was not capital murder, as the law was set forth by the court to the jury in Instruction No. 5.

514 So.2d at 308.

The court concluded that the defense counsel's closing argument "was the product of a tactical decision and the best argument he could make given the circumstances under which he found his client." *Id.*

We find the rationale of *Faraga v. State*, to be persuasive, and we apply it to the case at bar. Given the circumstances of the State's case against appellant, and the lack of alternative defense options, the closing argument of appellant's trial attorney, in which he conceded that appellant shot and killed Terry Ince, was a reasonable tactical decision. The State presented compelling ballistic evidence and witness testimony that appellant was responsible for the death of the victim. Appellant did not take the stand to offer any exculpatory testimony. Appellant's trial counsel could

have reasonably concluded that such a closing argument was his only tactical option.

■ In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that reasonably competent attorney would perform under similar circumstances, and (2) that the defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). In order to show the prejudice which is necessary to sustain a claim of ineffective assistance of counsel, a movant must show that is a reasonable probability that, absent the alleged error, the fact finder would have had reasonable doubt respecting guilt. *Richardson v. State,* 719 S.W.2d 912, 915–916 (Mo.App.1986). A movant bears a heavy burden to show ineffective assistance of counsel. *Id.* at 915.

Appellant has not met this burden in the case at bar. Accordingly, the judgment of the motion court is affirmed.