STATE of Missouri,
Plaintiff–Respondent,

v.

Robert CHILDERS,
Defendant–Appellant.

Robert CHILDERS, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 54020, 56776 and 56685.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 4, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Jan. 9, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Melinda K. Pendergraph, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANE, Judge.

A jury convicted Robert Childers of two counts of first degree assault, two counts of armed criminal action, one count of stealing over $150.00 and one count of escape from confinement. Childers was sentenced as a persistent offender and a class X offender to life imprisonment for each assault count, twenty-five years for each armed criminal action count, fifteen years for the burglary count, ten years for the stealing count, and five years for the escape from confinement count, all sentences to be served consecutively. Childers' direct appeal from this judgment was stayed upon his filing a pro se motion for post-conviction relief pursuant to Rule 29.15. His appointed counsel subsequently filed an

amended motion to vacate the judgment and set aside the sentence. The motion court overruled the motion to vacate the judgment but sustained the motion to set aside the sentence, finding that Childers was improperly sentenced as a class X offender. Childers was resentenced to the same terms. Childers now appeals both judgments of the trial court and the order of the motion court. We affirm.

The evidence, viewed in the light most favorable to the verdict, discloses that on the night of November 28, 1986, Richard Wright returned to his condominium and discovered that it had been burglarized. Stolen from his home were a number of items including a fraternity ring, some bicentennial coins, and a few silver dollars.

Police officers Michael Armfield and Tom Lowery were summoned to the scene. As they pulled into the parking lot, Armfield saw Childers walking in front of some buildings. The officers got out of the car and asked Childers to stop, but he kept walking. Lowery then put the car spotlight on Childers and he began to run. The officers chased but soon lost sight of him.

Upon searching the area, the officers saw Childers again. Childers pointed a gun at the officers and told them he wanted their guns or he would kill them. Both officers dropped to the ground and gunfire was exchanged. Childers shot Armfield in the knee and Lowery in the thigh. Childers was shot but escaped from the scene in his car.

Early the next morning, Childers went to the hospital where a small lead fragment was removed from his buttocks. A blood sample taken from him matched the blood recovered from the scene of the crime and from his car. Childers was identified by both officers from a photo array.

During a search of Childers' apartment, the police recovered Wright's fraternity ring and his coins and found the clothes Childers wore the night of the crime and a blood stained bedspread.

On May 11, 1987, Childers escaped from the infirmary of the St. Louis County Jail while being held on charges arising from the events of November 28th. Childers was captured in Arkansas and returned to St. Louis.

Childers raises two points on direct appeal and one point on appeal from the denial of his motion for relief under Rule 29.15.

For his first point, Childers contends that the trial court erred in failing to declare a mistrial, *sua sponte*, as a result of statements made by the prosecutor during the closing argument. The portions of the closing and rebuttal arguments at issue are:

> The evidence shows you he's a cold-blooded, professional burglar. The evidence shows you the way he broke in, the items that he stole, the property, the way he disposed of it, got rid of the weapon, tried to kill the police officers, gave a false name at the hospital. That's the kind of person that you're dealing with.

\*    \*    \*    \*    \*    \*

> And the escape charge isn't linked just because the defendant did it. The escape is charged to show what kind of a desperate person he is. How many people break through a wall with a bar in the St. Louis County jail. He was desperate. There's no doubt he committed that escape or any other charges. The kind of man who commits that escape is the kind who's going to wait for those police officers and get a good look at them and try and kill them. That's why the escape is relevant in this case.

Childers did not object to either portion of this argument during trial. He did object to the characterization of himself as a "cold-blooded, professional burglar" in his motion for new trial. However, an assignment of error in a motion for new trial, as well as on appeal, must be based on an objection made in the trial court. *State v. Morant*, 758 S.W.2d 110, 118 (Mo. App.1988). Since no objection was raised at trial, our review is limited to plain error. *Id.* at 119. We must therefore determine whether the argument resulted in manifest injustice or a miscarriage of justice. Rule 30.20.

Substantial latitude is allowed in closing argument. Under the plain error rule, improper argument does not justify relief unless it has a decisive effect on the jury. *State v. Wren*, 643 S.W.2d 800, 802 (Mo.1983). The burden is on the defendant to demonstrate such an effect. *Id.*

Childers first complains that he was called a "cold-blooded, professional burglar," which he contends the jury would interpret as meaning he had committed other burglaries. "[N]ame-calling, while ill-advised, is not prejudicial, especially where there is evidence to support such a characterization." *State v. Munoz*, 678 S.W.2d 834, 835 (Mo.App.1984). In particular, calling a defendant a "professional" is not plain error where the evidence and inferences therefrom will support such an argument. *State v. Jordan*, 699 S.W.2d 80, 82 (Mo.App.1985); *State v. Hill*, 678 S.W.2d 848, 851 (Mo.App.1984); *State v. Nichelson*, 546 S.W.2d 539, 543–44 (Mo.App.1977).

In the context of the whole closing argument, we find that the characterization of Childers as a "cold-blooded professional burglar" was supported by the evidence. As in *Nichelson* and *Hill*, the characterization referred to the professional manner in which Childers performed the burglary for which he was on trial, not that he had committed other offenses. *See also, State v. Jones*, 748 S.W.2d 898, 902 (Mo.App. 1988). Childers' right to a fair trial was not impaired.

*State v. Stockbridge*, 549 S.W.2d 648, 651 (Mo.App.1977) and *State v. Mobley*, 369 S.W.2d 576, 580 (Mo.1963) do not apply. In *Stockbridge*, the prosecutor's reference to a defendant in an assault case as a "professional car thief" was held to be plain error where there was no evidence that the defendant had stolen cars. In *Mobley*, a conviction was reversed where the prosecutor's continued characterization, over repeated objection, of defendant as a "professional burglar" was held to be part of an attempt to convict defendant on the basis of his prior criminal record.

Childers next contends that the prosecutor's reference to the escape charges in the rebuttal portion of the state's closing argument improperly urged the jury to consider the evidence of escape as bearing upon his guilt of the other charges. This argument was made in response to the defendant's argument, in which defendant contended in part:

I know that you ladies and gentlemen were also honest in not indicating that that would prejudice you against the defense or that you would be unable to be fair to the defense based on hearing about an escape or in fact knowing that that was one of the counts.

The escape charge allegedly happened in May, a substantial difference in time than the other charges, which are in November—on November 28th. The State chooses and elects to charge and try Mr. Childers on all those counts—excuse me, on all seven counts, including the escape charge which happened several months later.

Needless to say, the evidence is substantially different on the escape charge, that being Count VII, than on the other counts that allegedly occured in November—or November 28th, 1986.

It is, of course, to the State's advantage that this trial proceed on all counts, including the escape, in hopes that this will affect you as it affected the two gentlemen who could not sit on the jury because they said it would—

The response made by the prosecutor in his rebuttal argument was elicited by defendant's attack on why the state had included the escape charge. "A defendant may not provoke a reply to his own argument and then assert error." *State v. Morris*, 662 S.W.2d 884, 890 (Mo.App.1983). In responding to a defendant's argument, the state may exceed the bounds otherwise limiting the content of closing argument. *Id.* There was overwhelming independent evidence of the crimes committed on November 28. The facts of the escape were also in evidence. The prosecutor's rebuttal argument was not, in this context, prejudicial.

We find that no manifest injustice or miscarriage of justice resulted from these

arguments. Childers' fundamental right to a fair trial was not impaired by these arguments either alone or collectively. Point I is denied.

For his next point Childers asserts that the trial court erred when it refused to submit his proposed instruction on the lesser-included offense of assault in the second degree with respect to the charge in Count III. Childers contends that the evidence on Count III supported a finding that Officer Lowery sustained mere "physical injury" rather than "serious physical injury" which would sustain a conviction for second degree assault but not for first degree assault. Childers preserved this point by specifically objecting on this ground in his motion for new trial. Rule 28.03.

■ The trial court is required to submit an instruction on a lesser included offense only where there is some affirmative evidence of the lack of an essential element of the higher offense which would not only authorize acquittal of the higher offense but sustain a conviction of the lesser offense. *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982); *State v. White*, 738 S.W.2d 590, 592 (Mo.App.1987); *State v. McBurnett*, 694 S.W.2d 769, 772 (Mo.App. 1985).

■ Section 556.061(26) RSMo 1986 defines "serious physical injury" to mean a physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body. Section 556.061(20) RSMo 1986 defines "physical injury" to mean physical pain, illness, or any impairment of physical condition.

The evidence supports the submission of the instruction on assault in the first degree with serious injury. "The natural consequences of using a deadly weapon is, at the very least, great or serious bodily harm." *McBurnett, supra,* 694 S.W.2d at 772. Childers fired two shots at Officer Lowery, hitting him in the leg once. This injury forced Officer Lowery to miss work for two months. At the time of the trial, he testified that his leg was still sore and stiff. Officer Lowery's physician testified that the injury would probably continue to bother him for at least several years. Officer Lowery's injury amounted to a "protracted impairment" of his leg's function. *State v. Briggs*, 740 S.W.2d 399, 401 (Mo. App.1987); *State v. Mentola*, 691 S.W.2d 420, 422 (Mo.App.1985). This evidence was sufficient for the jury to find that Officer Lowery suffered a "serious physical injury".

■ Childers' theory of defense was that he did not shoot Officer Lowery. When a defendant denies the commission of the act charged and there is no evidence which mitigates the offense or provides a different version of it, a lesser included offense instruction is not required. *White, supra*, 738 S.W.2d at 592. This point is denied.

### Rule 29.15 Motion

For his appeal from the motion court's denial of relief under Rule 29.15, Childers contends that he was denied effective assistance of counsel when his attorney failed to move to sever the escape charge from the other charges. Childers argues that a reasonably competent attorney would have moved to sever the escape charge to avoid prejudicing the jury on the other charges against him. Childers also contends that he was prejudiced because the jury could have drawn unfavorable inferences from the escape charge which influenced their consideration of the other charges.

■ Review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990). Findings and conclusions are deemed clearly erroneous only if a review of the entire record leaves the appellate court with the definite and firm impression that a mistake has been made. *Stepter, supra*, at 656.

■ To prevail on claim of ineffective assistance of counsel, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance, the movant must prove that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* To do this the movant must overcome the presumption that counsel's challenged acts or omissions were sound trial strategy. *Stepter, supra,* 794 S.W.2d 649 at 656. To prove the counsel's act prejudiced his case, the movant must show that there is a reasonable probability that, but for the errors by counsel, the fact finder would have had a reasonable doubt respecting punishment. *Id.* The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. Rule 29.15(h); *Meyer v. State,* 770 S.W.2d 385, 386 (Mo.App. 1989).

Childers has failed to meet his burden on either prong of the *Strickland* test. Whether to file a motion to sever is part of a counsel's trial strategy which we will not second guess on appeal. Childers did not overcome the presumption that this strategy was sound. *Smith v. State,* 628 S.W.2d 393, 395 (Mo.App.1982). Childers was not prejudiced by the failure to sever. The jury was instructed to consider separately each count and the evidence and law applicable to it. There is nothing in the record to indicate that the jury was unable to distinguish the evidence on the escape charge from the other charges or to properly apply the law to each offense. *State v. Fowler,* 758 S.W.2d 99, 101 (Mo.App. 1988). The motion court's findings and conclusions are not clearly erroneous. This point is denied.

The judgment of the trial court and the order of the motion court are affirmed.

CRANDALL, C.J., and SIMON, J., concur.