STATE of Missouri,
Plaintiff/Respondent,

v.

Charles BUCHANAN,
Defendant/Appellant.

Charles BUCHANAN, Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

Nos. 59325, 60398.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 4, 1992.

Ellen H. Flottman, Columbia, for Charles Buchanan.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for the State.

CRANE, Judge.

A jury found Charles Buchanan guilty of Robbery in the First Degree in violation of § 569.020 RSMo 1986. The trial court found Buchanan to be a persistent offender and sentenced him to twenty-five years imprisonment. Buchanan filed a Rule 29.15 motion for post-conviction relief which was denied without a hearing. Buchanan appeals both the judgment of the trial court and the order of the motion court. On his direct appeal Buchanan contends that the trial court erred in allowing the prosecutor to inform the venire panel during voir dire that he was represented by an assistant public defender and in giving a "reasonable doubt" instruction patterned after MAI–CR3d 302.04. On appeal from the order of the motion court Buchanan argues that he was denied his right to effective assistance of counsel in that his attorney conceded that Buchanan had stolen money and failed to object to the "reasonable doubt" instruction given at trial. We affirm both the judgment of the trial court and the order of the motion court.

## DIRECT APPEAL

The sufficiency of evidence to sustain Buchanan's conviction is not in dispute. On September 10, 1989, a cashier was

working at a Citgo Service Station in Brentwood. At approximately 9:00 a.m. Buchanan walked into the store. He asked the cashier for a pack of cigarettes. As the cashier began to "ring up" the cigarettes Buchanan pointed what appeared to be a weapon concealed under his sweatshirt at her and stated "[t]his is a robbery, give me your money, or I will kill you." Buchanan took $209 and food stamps from the register and also took the cashier's engraved cigarette lighter. The Brentwood police found Buchanan in the area of the robbery with $209 and the cashier's engraved cigarette lighter in his possession. They found the sweatshirt he had worn during the robbery and the food stamps taken from the Citgo Service Station nearby. After being given his *Miranda* warnings at the police station, Buchanan made both oral and written statements admitting that he committed the robbery, and also made a videotaped confession. These confessions were admitted at trial along with the identification of Buchanan by the victim cashier.

For his first point Buchanan contends that the trial court erred in permitting the prosecutor to inform the venire panel that he was represented by an assistant public defender because it prejudiced him by showing his indigence which could be taken as evidence of his guilt since he was charged with robbery. Prior to trial the court overruled Buchanan's motion in limine asking that the prosecutor be restrained from making references to the fact that Buchanan was represented by an assistant public defender. At trial Buchanan's counsel did not object to the prosecutor's reference during voir dire to the fact that Buchanan's attorney was an assistant public defender.

■ A trial court's ruling on a motion in limine is interlocutory and is thus not appealable. *State v. Hart*, 805 S.W.2d 234, 237 (Mo.App.1991). A ruling on evidence will only be preserved when it is made at trial at the time the evidence is offered. *Id*. In order for the issues raised in a motion in limine to be preserved for appeal they must be raised at trial. *State v.*

*Wolfe*, 793 S.W.2d 580, 586 (Mo.App.1990). Point One is denied.

■ For his second point Buchanan argues that the trial court committed plain error in giving MAI–CR3d 302.04 on reasonable doubt. He claims that instruction dilutes the burden of proof. This point has been thoroughly and repeatedly addressed and rejected by the Missouri Supreme Court. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). This court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. *State v. Weems*, 800 S.W.2d 54, 58 (Mo. App.1990) Missouri Constitution Article V, section 2. Buchanan argues that the recent decision of the United States Supreme Court in *Cage v. Louisiana*, —— U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) invalidates MAI–CR3d 302.04's definition of proof beyond a reasonable doubt and urges we transfer this issue to the Missouri Supreme Court. This is unnecessary because our supreme court has explicitly held that MAI–CR3d 302.04 meets the constitutional requirements for a definition of reasonable doubt and is unlike the charge in *Cage*, which equated proof beyond a reasonable doubt with a lower standard. *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991). Point Two is denied.

## POST–CONVICTION APPEAL

For his appeal from the motion court's denial of relief under Rule 29.15, Buchanan asserts he was denied effective assistance of counsel at trial because his attorney conceded in both the opening statement and the closing argument that Buchanan stole money from the service station. He further argues that his attorney did not properly preserve for review a claim that the trial court erred in giving MAI–CR3d 302.04 as the reasonable doubt instruction.

■ Our review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Childers*, 801 S.W.2d 442, 446 (Mo.App.1990). To prevail on a claim of ineffective assistance of counsel, a movant must show both

that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* To do this a movant must overcome the presumption that counsel's challenged acts or omissions were sound trial strategy. *Childers,* 801 S.W.2d at 447. In order to show prejudice, a movant must show there was a reasonable probability that, but for the errors by movant's attorney, the jury would have had a reasonable doubt respecting movant's guilt. *Id.*

■ Buchanan's attorney admitted in both his opening and closing arguments that Buchanan took money from the Citgo Service Station. The focus of his argument was that there was no evidence that Buchanan used a deadly weapon and thus an essential element of first degree robbery was not proved. Buchanan argues that this was not an available defense because proof of an actual weapon is not required; only that a defendant used what appeared to be a weapon. This argument is refuted by the record. Trial counsel not only argued that Buchanan was not armed but also argued that he did not appear to be armed because the victim saw a hand, not a weapon, and the victim was not frightened. Given the overwhelming physical evidence that Buchanan robbed the station, including his three confessions, and the lack of alternative defense options available, his counsel's tactical decision to concede that Buchanan took money from the service station but argue that he was not armed and did not appear to be armed was reasonable and Buchanan was not prejudiced thereby. *Alexander v. State,* 782 S.W.2d 472, 474–75 (Mo.App.1990).

■ Buchanan also argues his attorney was ineffective in failing to object to the trial court's giving MAI–CR3d 302.04 on reasonable doubt. The definition of "reasonable doubt" as found in MAI–CR3d 302.04 has been consistently upheld. As the motion court found, counsel will not be deemed ineffective for failing to make a non-meritorious objection. *State v. Six,* 805 S.W.2d 159, 167 (Mo. banc 1991). This point is denied.

The judgment of the trial court and the order of the motion court are affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.