**STATE of Missouri, Respondent,**

v.

**Robert Eugene BLADES, Appellant.**

**No. 20608.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 7, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent.

MONTGOMERY, Chief Judge.

Following a jury trial, Robert Eugene Blades (Defendant), as a persistent offender, was convicted of the class D felony of driving while intoxicated. He was sentenced to five years' imprisonment. Defendant appeals, contending that (1) the trial court plainly erred and abused its discretion in refusing to grant his motion for continuance, and (2) the trial court erred in sentencing him for his conviction because he was denied effective assistance of counsel. Neither point has merit.

Defendant does not challenge the sufficiency of the evidence. Briefly stated, the facts reveal that a Missouri highway patrolman observed Defendant driving a motor vehicle on Highway 160 west of Lamar, Missouri, just after the officer had previously stopped the same vehicle and arrested the driver, Carol Norman, for driving while intoxicated. At the time of Norman's arrest, the officer observed that Defendant, a passenger, was too intoxicated to drive and warned him not to do so. Defendant's breathalyzer test revealed a blood alcohol content of .15 of one percent.

■ Defendant's first point requests plain error review under Rule 30.20[1] which provides that this Court, in our discretion, may consider plain error affecting substantial rights when we find that manifest injustice or miscarriage of justice has resulted therefrom. Defendant concedes that he failed to file a motion for new trial. His failure to do so preserves nothing for appellate review. *State v. Tammons,* 522 S.W.2d 648, 651 (Mo. App.1975).

---

1. Rule references are to Missouri Rules of Court (1996).

■ " 'The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review.' " *State v. McMillin*, 783 S.W.2d 82, 98 (Mo.banc), *cert. denied*, 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990) (quoting *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983)). Plain error relief "is granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected." *State v. Hadley*, 815 S.W.2d 422, 423 (Mo.banc 1991).

The felony information was filed on August 28, 1995. Defendant was arraigned that day and entered a plea of not guilty. On September 1, 1995, the circuit court mailed a notice to the parties which set the case for trial on October 3, 1995. Defendant's counsel admitted receiving the notice. On September 22, 1995, Defendant's counsel requested leave to withdraw citing "irreconcilable differences." That motion was denied on October 3, 1995, the day of trial.

After the denial of his motion to withdraw, Defendant's counsel then filed a written Motion for Continuance which made the following allegations:

1. The trial date of October 3, 1995 for trial by jury was set by the Court on September 20, 1995. Counsel for the Defendant has not had adequate opportunity to interview witnesses and prepare for trial.

2. One material witness for the Defense is unavailable for the trial date without subpoena and cannot be subpoenaed in time for said trial. The testimony that would be given by said witness is critical to the Defense, and Defendant would be seriously prejudiced by the lack of said testimony.

3. Counsel for the Defense has not had opportunity to request Discovery of materials available under Rule 25.03 of Missouri Rules of Criminal Procedure, and the state has not voluntarily provided Counsel with such information. Defendant will be prejudiced at trial unless Counsel has more time to obtain and review said material.

This motion was not accompanied by an affidavit "of the applicant or some other credible person setting forth the facts upon which the application is based." Rule 24.09. After fully exploring the reasons for the requested continuance, the trial court denied the motion.

■ As to paragraph 2 of Defendant's motion, the trial court did not plainly err in overruling it. Rule 24.09 requires a motion for continuance to be in writing accompanied by an affidavit showing good cause. Rule 24.10 specifies the contents of such motion on the subject of an absent witness. Defendant's counsel did not comply with either rule. According to *State v. Fletcher*, 758 S.W.2d 476, 478 (Mo.App.1988) (quoting *State v. Diamond*, 647 S.W.2d 806, 808 (Mo.App. 1982)), " 'Defendant's failure to file the request in writing accompanied by an affidavit showing good cause as required by Rule 24.09 is sufficient ground to affirm the trial court's action.' "

■ Defendant's claim also lacks merit because he fails to show prejudice. "The decision to grant or deny a continuance is within the sound discretion of the trial court. A very strong showing is required to prove abuse of that discretion, with the party requesting the continuance bearing the burden of showing prejudice." *State v. Schaal*, 806 S.W.2d 659, 666 (Mo.banc 1991), *cert. denied*, 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). "Inadequate preparation is not grounds for granting a continuance where counsel has had ample opportunity to prepare." *Id.*

Here, the evidence of Defendant's guilt was strong. Defendant's counsel indicated his primary defense was entrapment. In addition to Defendant, the only witnesses supporting his defense were Joe Jackson and Carol Norman. Defendant and Norman both testified at trial. Paragraph 2 of Defendant's motion refers to the unavailability of Jackson.

Defendant admitted he had fully discussed the case with his hired counsel and that his counsel had talked with Norman about the case on two prior occasions. The efforts of Defendant's counsel fail to show a lack of opportunity to prepare for trial. Further-

more, the prosecuting attorney offered to stipulate that Jackson's testimony concerning the entrapment issue would be the same as the testimony of Defendant and Norman. Before Defendant rested the court asked Defendant's counsel if he desired to introduce Jackson's testimony by stipulation. For reasons not shown by the record, Defendant's counsel declined to do so.

If Defendant's counsel was unprepared, Defendant fails to explain why additional preparation was necessary. Defendant admits he had ample opportunity to fully discuss the case with his counsel, and Norman discussed the case with him on two occasions. Although not offered, Defendant admitted that Jackson's testimony would have been merely cumulative to the other evidence offered on his defense. Defendant points to no other necessary but uncalled witnesses nor does he explain how his counsel was unprepared for trial. Weak as it was, Defendant's counsel certainly elicited testimony from Defendant and Norman concerning his entrapment defense.

█ Finally, paragraph 3 of Defendant's motion states that Defendant "has not had opportunity" to request discovery under Rule 25.03. The trial court correctly observed that on October 3, 1995, Defendant was out of time to make such a request. Rule 25.02 provides that requests for discovery "shall be made not later than twenty days after arraignment." Defendant was arraigned on August 28, 1995. An untimely request for discovery has no effect. *State v. Haslip,* 583 S.W.2d 225, 228 (Mo.App.1979).

Under these circumstances Defendant fails to carry his burden of demonstrating prejudice and clearly fails to show that a manifest injustice or miscarriage of justice has resulted from the denial of his motion. We find no error, plain or otherwise.

█ Defendant last contends that he was denied effective assistance of counsel because his chosen counsel failed to obtain discovery, failed to comply with rules pertaining to discovery, pursued an entrapment defense when such a defense was unavailable, and failed to file a motion for new trial.

Defendant concedes that he did not file a Rule 29.15 motion and that *State v. Wheat,* 775 S.W.2d 155, 157–58 (Mo.banc 1989), *cert. denied,* 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990), holds that claims for relief cognizable under Rule 29.15, such as ineffective assistance of counsel, may not be considered on direct appeal. However, Defendant argues that his case should be reviewed under the rule stated in *State v. Harvey,* 692 S.W.2d 290 (Mo.banc 1985), and other similar cases which pertain to Rule 27.26, now repealed. The short answer to Defendant's contention is that this Court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2. *See State v. Buchanan,* 824 S.W.2d 476, 478 (Mo.App. 1992). The decision in *Wheat* requires that we deny Defendant's point.

Judgment affirmed.

SHRUM and PARRISH, JJ., concur.