**STATE of Missouri, Plaintiff–Respondent,**

v.

**William D. ABEL, Defendant–Appellant.**

**William D. ABEL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 68281, 70426.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 25, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, William D. Abel, was convicted following a jury-waived trial of felonious restraint, § 565.120, RSMo 1994 [1], and armed criminal action, § 571.015, for which he was sentenced as a persistent and class X offender to concurrent twenty year terms of imprisonment. Defendant appeals claiming: 1) insufficient evidence to support a conviction for felonious restraint, and 2) the trial court committed plain error in sentencing. Defendant also challenges the denial, after an evidentiary hearing, of his Rule 29.15 motion of ineffective assistance of counsel. We affirm.

We view the facts in the light most favorable to the verdict. On June 29, 1994, victim was driving home after visiting her grandmother. She stopped in the parking lot of Dennis Hardware to use a public telephone to call a friend. While parked and speaking with her friend, Defendant entered victim's car through the passenger-side door. Defendant gripping a sharp, bladed object in his right hand, glared at the victim. Defendant then reached over with his other hand and grabbed victim's arm so tightly that she sustained bruises. Victim began screaming and, after a short struggle in which Defendant continued to clutch her arm, victim escaped out the driver's side door. Victim ran across the street screaming, "He's trying to kill me; he's got a knife." An eyewitness saw Defendant get into a car across the street and caught the license plate number. Police traced the license number to Defendant and arrested him.

In his first point, Defendant contends that the State's evidence was insufficient to support a conviction of felonious restraint because the State failed to show beyond a reasonable doubt that the Defendant's conduct interfered substantially with victim's liberty. Defendant alleges the amount of time of the restraint was so brief that there could not have been "substantial" interference with the victim's liberty.

In assessing the sufficiency of the evidence, we consider all the evidence and the reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all evidence to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo.banc 1989); *State v. Nelson*, 818 S.W.2d 285, 288 (Mo. App. E.D.1991). Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable person might have found the defendant guilty beyond a reasonable doubt. *Id.*

Felonious restraint is defined in § 565.120 as follows:

A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious harm.[2]

Our review of Missouri law has found no cases addressing what constitutes substantial interference with liberty under § 565.120. Therefore, we look to other jurisdictions for guidance.

The Indiana Court of Appeals addressed its own confinement statute, IC 35–42–3–3 and IC 35–42–3–1, in a case with similar facts. *Sammons v. State*, 397 N.E.2d 289, 293 (Ind.Ct.App.1979). The Indiana confinement statute is substantially similar to § 565.120.1, in that each defines confinement or restraint as: substantial interference with the liberty of another without consent. *Id.* In *Sammons*, the defendant, armed with a pistol, entered the victim's car from the driver's side and pushed victim across the seat. A struggle ensued and victim was struck several times and wounded when the gun discharged. *Id.* Defendant then ran to a getaway vehicle and fled. *Id.*

The defendant alleged on appeal that the detainment was so brief that the interference was not substantial. *Id.* The court held that the nature of the interference is the determinative factor of "substantial," and not the duration of the interference. *Id.* The court found that defendant entering the vehicle and keeping the victim from going about her

1. All further statutory references are to RSMo 1994.

2. Defendant does not contest the sufficiency of the evidence on the element of exposing victim to a substantial risk of serious harm.

business substantially interfered with the victim's liberty. *Id.*

The Washington Court of Appeals decided the conduct of appellant who chased and grabbed the victim and attempted to pull the victim toward his car was sufficient to show that he had "substantially" interfered with his victim's liberty and thus sustained his conviction for unlawful imprisonment. *State v. Robinson,* 20 Wash.App. 882, 582 P.2d 580, 581 (1978). The court noted, " 'Substantial' is here used as an adjective to mean 'real' or 'material' interference with the liberty of another as contrasted with petty annoyance, a slight inconvenience, or an imaginary conflict." *Id.*

The Supreme Court of Arkansas in ruling on the question of "substantial interference with liberty" involving the more serious charge of kidnaping stated: "[T]he word 'substantial' did not require a minimum length of restraint only that the interference be substantial." *Cook v. State,* 284 Ark. 333, 681 S.W.2d 378, 379 (1984). The court said that the focus must be on the nature of the restraint rather than its duration. *Id.*

■ We find these decisions persuasive. The facts in this case support a finding of substantial interference with the victim's liberty. In the instant case, Defendant entered victim's car, tightly clutched her arm, and threatened her with a bladed instrument. These actions substantially interfered with victim's liberty. The victim was prevented from going about her business, which is more than a slight inconvenience. The brief duration of the restraint is not sufficient to remove it from the scope of the statute. Point denied.

In his second point, Defendant alleges that the trial court erred in sentencing him to twenty years' imprisonment because the State wrongly informed the court that the maximum punishment for felonious restraint was thirty years. Felonious restraint is a class C felony, § 565.120.2. A class C offense for a prior and persistent offender carries a maximum punishment of twenty years. § 558.016.7(3).

Relief under plain error review should only be granted to prevent manifest injustice or a miscarriage of justice. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo.banc 1988).

■ In sentencing by a trial court, the court is presumed to know the law and apply it in making its decisions. *State v. Feltrop,* 803 S.W.2d 1, 15 (Mo.banc 1991). Defendant presents no evidence that the court relied on the misrepresentation. The court sentenced him to twenty years, a sentence within the limits set in the statute. We find no plain error. Point denied.

Lastly, Defendant claims that the motion court erred in denying Defendant's Rule 29.15 motion after an evidentiary hearing. Defendant contends the motion court erred in refusing relief for his claim of ineffective assistance of counsel in that counsel did not properly advise him of the implications of waiving a jury.

In reviewing a ruling on a Rule 29.15 motion, we determine whether the findings of fact, conclusions of law and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Childers,* 801 S.W.2d 442, 446 (Mo.App. E.D.1990). Findings and conclusions are deemed clearly erroneous if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

■ Review of the record shows Defendant testified, under oath, that trial counsel discussed the issue of waiving a jury trial with him, and Defendant signed a memorandum indicating that he understood his right to have a trial by jury, but waived that right. Therefore, the judgment of the motion court is not clearly erroneous.

The judgment of the trial court is affirmed.

REINHARD and GARY M. GAERTNER, JJ., concur.